Opinion op the Court,
by Judge Owsley.
THIS was a proceeding by traverse in the circuit court, under the law concerning forcible entries and detainers.
Stewart was plaintiff in the warrant, and obtained verdict in his favor in the country, i he inquisition was traversed by Thompson, and on the trial in the cuit court, the inquisition was found to be true, judgment of restitution rendered by the court.
After the verdict was found by the jury, in the cuit court, a motion was made by Thompson for a new trial; but the motion was overruled.
The motion for a new trial was made on the ground, 1st, of the court having admitted illegal evidence to go to the jury; and 2d, on the ground of the verdict being . ‘ ° & against evidence.
The questions presented for the determination of this court, involve the propriety of the circuit court’s refusal to award a new trial.
With'respect to the second ground relied on, it may be remarked, that the evidence is of a character which it became the province of the jury to weigh and decide, and is not of that strong and conclusive character, which will authorize this court, contrary to the opinion of the court below, to interpose and award a new trial.
And with respect to the first ground relied on for a new trial, we concur with the court below in the opinion that the admitted evidence was competent. It appears to have been proved, that Stewart, the plaintiff in the warrant, had been, in fact, settled upon the land in contest, and removed off some time previous to Thompson’s entry, which is complained of as being forcible.
On the trial in the court below, evidence was introduced by Stewart to prove his declarations after he had left the premises, and before Thompson entered, for the purpose of showing that he had not abandoned the possession, but again intended to return and hold the possession. This evidence of the declarations of Stewart *6 after he had left the place, and before Thompson enter-1 ed, was objected to as incompetent; but the objections were overruled by the court.
That Stewart may have been possessed of the land after he removed therefrom, is a proposition not now to be controverted in this court. It has been repeatedly held, that a person may be in fact possessed of land without being in fact upon the land, and if so, there may unquestionably be a continuation of the possession in fact, after a removal from the land. And whether or not the possession of Stewart continued after his removal, must necessarily depend upon his intention, either to abandon the possession, or retain it; and for the purpose of proving that intention, his declarations made before Thompson entered, must, from the nature of the thing, be admissible evidence.
The judgment must be affirmed with costs.