ISAAC N. BAKER *v.* SAMUEL D. KELLY.

1. INSTRUCTION TO JURY AS TO SUFFICIENCY OF EVIDENCE : CASE IN JUDGMENT.—An instruction to the jury as to the sufficiency of the evidence is erroneous. On the trial of an issue as to whether or not the defendant, at the time of suing out an attachment, was about to remove out of the State, the court instructed the jury "that the declarations and admissions of a party are admissible as evidence against him, but not in his favor." Held, that the instruction was erroneous.

2. EVIDENCE : DECLARATIONS WHEN ADMISSIBLE IN FAVOR OF PARTY MAKING THEM.—The declarations of a party are admissible as evidence in his favor when they make a part of the res gestæ, or where such declarations are necessary to explain an act, which takes its character from the design and intention of the party who does it ; or where the intentions of a party are sought to be established, he may show what were his intentions by introducing evidence of his acts and declarations made *ante litem motam*, and at a time when he could have no reasonable motive to misstate facts.

3. SAME : CASE IN JUDGMENT.—On the trial of an issue as to whether or not the defendant was about to remove out the State, the acts and declarations of the defendant made *before* the suing out of the attachment, are admissible as evidence in his favor.

Isaac N. Baker *v.* Samuel D. Kelly.

4. DEPOSITIONS: EXCEPTION TO, BECAUSE COMMISSIONER'S CERTIFICATE DOES NOT SHOW WITNESSES SWORN TO TELL THE "WHOLE TRUTH."— A commissioner's certificate to a deposition, which states that the witnesses "were duly sworn true answers to make to the interrogatories and cross-interrogatories," is a substantial compliance with the requirements of the statute of this State.

5. PROMISSORY NOTES: EFFECT OF ENDORSEMENT "TO PAY PROMPTLY AT MATURITY IF NOT PAID BY THE DRAWER AT MATURITY:" DEMAND AND NOTICE NOT NECESSARY.—An endorsement on a promissory note in these words, "I assign the within to K. for value received, and bind myself to paying it promptly after maturity, if not paid by the drawers at maturity," imposes the liability of a guarantor, and in such a case, upon the failure of the makers to pay at maturity, the holder may recover the amount of the note without proof of demand and notice.

6. SAME: GUARANTOR: ACCEPTANCE, DEMAND AND NOTICE NOT NECESSARY.—In order to fix the liability of the guarantor of a promissory note, acceptance and notice by the holder, as in cases of a letter of credit with a guaranty, are not necessary, nor, upon failure of the makers to pay at maturity, is it necessary to make demand and give notice as in ordinary cases of endorsements.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

On the 30th of January, 1866, Kelly sued out an attachment against the estate of Baker, upon the ground that Baker was about to remove himself out of the State of Mississippi. The allegation was traversed under the statute, issue joined, and a verdict thereon in favor of Kelly. Baker moved for a new trial, upon the grounds that the verdict was contrary to the law and evidence, error in excluding testimony, and in giving and refusing instructions.

The following testimony was introduced for Kelly:

Hall—Heard Baker say, before the suing out of the attachment, that he was going to move to Texas; he named no time when he would go. This occurred first time witness saw Baker after his return from Alabama, where he had been as a refugee during the war. Before he went to Alabama he resided in Hinds county.

Peyton—Testified same in substance as Hall. That Baker owed witness a debt, and witness proposed to take for it the old jail property. Baker refused, and said it was his only source to raise

money; that he had barely enough money to pay expenses of himself and family to Texas. Didn't think Baker was going to run away; did not sue out an attachment; did not tell Kelly of the conversation, but spoke of it to others.

Gray—Before attachment sued out, heard Baker contrasting this country with Texas; spoke in glowing terms of the latter, and despairingly of the former; said he was going to move to Texas; that he came to Hinds county to settle his business, and would then move to Texas, but fixed no definite time for moving. Conversation occurred about the 25th of January; that witness mentioned the conversation to Bogle, who subsequently sued out an attachment against Baker.

McAlpine—Heard Baker say, in reply to a question from his wife, as to when he was going to Texas, that he was going when he settled up his business.

Baker and family returned from Alabama, where they had been two years, about the 25th of January, 1866; Baker lived on his place in Hinds county before he went to Alabama; had not returned there, but has a farming interest on this place this year; for several years past Baker has been talking of going to Texas; as soon as Baker returned from Alabama he began to make inquiries about hands to work on his place near Raymond.

Bogle—Saw Baker before attachment was issued; said he was going to Texas in a week or two; sued out an attachment against Baker upon this and information derived from Gray; informed Kelly.

Kelly—That he sued out attachment upon information derived from Bogle, and from the common rumor in the country.

Testimony for Baker.

Galbreath—That before attachment sued out, Baker sent telegrams to Alabama to hire fifty hands for his farm in Mississippi.

Massie—Was employed by Baker to hire him fifty hands for his place in Hinds county; supplies on the place; did not get the hands.

Gibbs—Testified same in substance; offered a letter from

Baker to witness appointing him his agent to hire hands for him in Hinds county ; letter written before Baker left Alabama.

Letter excluded and excepted to.

Counsel for Baker asked witness as to statements made by Baker prior to attachment, as to whether he was going to Texas to settle.    Testimony objected to, and excluded, and an exception taken.

Dupree, Fedder, Cherry, and other witnesses, testify as to preparations made by Baker to farm in Hinds county.

Each of the witnesses were asked by counsel for Baker as to declarations made by him before attachment in reference to going to Texas, and as to the permanency of his home in Mississippi.  · Counsel for Kelly objected to the introduction of the testimony ; the testimony excluded, and counsel for Baker excepted.

Other testimony was introduced on both sides, which it is unnecessary to insert.

The third instruction for Kelly is as follows :   That the declarations and admissions of Baker, so far as proved, are competent testimony against him ; and if the jury believe, from the testimony, as to such declarations and admissions, that Baker was about to remove out of the State, they will find for the plaintiff.

The other instructions, which are referred to by the assignment of errors, will be found in the opinion of the court.

After verdict for Kelly, Baker pleaded " non assumpsit."

Exceptions were filed by counsel for Baker to depositions of Graham and Hero.

The certificate of the commissioner was to this effect : " The said witnesses being duly sworn true answers to make to the interrogatories and cross-interrogatories," &c.

The certificate concludes—" Witness my hand and private seal of office, having no official seal. (Signed)   M. F.   [L. S.]."

The depositions were excepted to—

1. Because the certificate of the commissioner does not show

that the witnesses were sworn "to tell the truth, the whole truth, and nothing else but the truth."

2. Because the certificate was not attested by the seal of the commissioner.

These exceptions were overruled by the court.

On the plea to the action, there was a trial, verdict, and judgment against Baker for $6,596.56.

*Johnston & Johnston*, for plaintiff in error, presented the following points:

1. The verdict was against the evidence, on the issue as to whether Baker was about to remove from the State of Mississippi.

2. That the acts and declarations of Baker were admissible as evidence in his favor. The question was one of intention.

3. That the second and third charges were as to the weight of testimony, and should for that reason have been excluded.

4. The exceptions to the depositions of Hero and Graham should have been sustained. Rev. Code, 515, art. 215.

5. That Baker was but an endorser of the note, and entitled to notice of non-payment.

6. That if a guarantor, he was entitled to notice. 7 Peters R. 120; 2 H. Black R. 609; 2 Taunt. 206; 8 Pick. 425; 4 Yerger, 194; *Green* v. *Dodge*, Ohio Condensed R. 436.

*Potter*, for defendant in error, contended:

1. The verdict was manifestly correct, and the court will not disturb it, even if there be error in the instructions. *Dunlap* v. *Edwards*, 29 Miss. 45.

2. That Baker was estopped from denying that he was about to go to Texas. That the declaration that he was going to Texas was made by him is not denied; that Kelly acted on it, and, whether true or false, Baker cannot deny it. Philips' Ev. (Conen & Hill Notes, part I.) 372; *Hall* v. *White*, 3 Carr & Payne, 242; *Cocke* v. *Kuykendall*, 40 Miss.

3. That the first instruction declares the general rule of law, that the declarations of a party are legal and sufficient evidence against him.

4. That the declarations of Baker, not part of conversation drawn out by defendant in error, were properly excluded by the court. A party cannot make testimony for himself.

It was immaterial. His declarations to the witnesses from whom Kelly derived his information could not be impaired by other and different declarations to others.

5. That the certificate of the commission to the depositions of Hero and Graham substantially complies with the statute. 31 Miss. 411, 412.

6. That the endorsement of Baker bound him unconditionally to pay if the makers did not. If he was injured by want of demand and notice he must show it. *Thrasher* v. *Ely*, 2 S. & M. 147; *Matthews* v. *Chrisman*, 12 S. & M. 595; *Breed* v. *Hillhouse*, 7 Conn. 523; *Curtis* v. *Brown*, 2 Barb. Sup. Ct. R. 51; Story on Bills, §§ 372–305; 3 Kent, 163–4 (123–4).

PEYTON, J., delivered the opinion of the court.

The defendant in error sued out an attachment against the plaintiff in error, on the ground that the plaintiff in error was about to remove himself out of this State, returnable to the Circuit Court of Hinds county for the Second District.

At the May term of said court, 1866, the defendant in the attachment filed a plea in abatement, traversing the truth of the alleged cause for which said attachment was sued out, and upon issue joined thereon there was a trial and verdict for the plaintiff in attachment.

The defendant below moved to set aside said verdict, and for a new trial, on the following grounds: 1. The jury found contrary to the evidence. 2. The court erred in giving instructions for the plaintiff. 3. The court erred in refusing one of defendant's instructions; and, 4. The jury found contrary to law. Which motion was overruled by the court. To which judgment of the court, in overruling said motion, the defendant excepted.

The defendant then pleaded *non assumpsit* to the action, on which there was a trial, which resulted in a verdict and judgment in favor of the plaintiff for $6,596.56.

From which judgment the plaintiff in error prosecutes this writ of error, and makes sundry assignments of error, of which it will be necessary to notice only the 1st, 2d, 3d, 7th, 10th, 11th, 13th, 18th, and 19th.

The first assignment of error is, that the court erred on the trial of the first issue, in giving the first and third instructions asked for by the plaintiff below. In the first of which the court instructed the jury that the declarations and admissions of a party are legal and sufficient evidence against him, but not in his favor. This instruction is erroneous in charging as to the sufficiency of the evidence. The sufficiency of the evidence is a matter peculiarly within the province of the jury to determine. It is also erroneous in charging, without qualification, that the declarations and admissions of a party are not evidence in his favor. This instruction undoubtedly lays down the general rule correctly. But there are well-recognized exceptions to this general rule, and the case at bar comes within one of these exceptions. An acknowledged exception to the rule which prohibits a party from producing his own declarations in his favor is, where such declarations are necessary to explain an act which takes its character from the design and intention of the party who does it. *Cross* v. *Black*, 9 Gill & Johnson, 198; *Baptiste* v. *De Volunbrun*, 5 Harris & Johnson, 86.

The declarations and acts of a party to a suit when they make part of the res gestæ, constitute another exception to the general rule above alluded to, and are legal and competent evidence for him. There is no error in giving the third instruction.

The second assignment of error is, that the court erred in refusing to give the 9th instruction asked for by the defendant below, which is as follows: "As illustrative of the issue in this case, the jury should consider all the contemporaneous acts and conduct of the defendant, as indicating his intention in reference to removal from the State." This instruction propounds the law correctly as applicable to this case, and the court erred in refusing to give it.

We will consider together the 7th, 10th, and 13th assignments of error, as they are substantially the same, to wit—"That the

court below erred in deciding that no 'evidence should be admitted, on the part of the defendant, to prove any declarations or statements made by him at any time *before* the attachments were sued out, unless those declarations were part of conversations called out by the attaching creditor." In thus ruling, the court manifestly erred.

Where the intentions of a party are sought to be established, he may show what were his intentions by introducing in evidence his own acts and declarations, made ante litem motam, or at a time not suspicious, when he could have no reasonable motive to misstate facts or misrepresent the truth. *Gardner* v. *O'Connell*, 5 Louisiana Annual Rep. 353.

In the case of *Offut* v. *Edwards*, 9 Robinson's La. Rep. 90, the court decided that where an attachment has been obtained, evidence will be admissible, on the part of the defendant, to prove his conversations and declarations made out of the presence of the plaintiff, previous to his leaving the State, and a short time before the attachment was sued out, with a view to show that his removal from the State was not intended to be permanent. And, again, in the case of *Thompson* v. *Stewart*, 5 Littell, 5, the court decided that the declarations of a party made before an adverse possession was taken, as to his intention in removing from the premises, may be given in evidence in his favor, on the traverse of an inquisition of forcible entry.

The first issue was upon the truth of the alleged cause for which the attachment in this case was sued out, and not whether the attachment was wrongfully sued out; for that would depend upon the result of the trial of that issue, and the finding of the jury for the defendant would be virtually a finding, under the statute, that the attachment was wrongfully sued out.

Whether the plaintiff in error was about to remove himself out of this State, at the time of suing out the attachment, is a question of intention which can be established only by declarations, acts, and circumstances. His intention can be known only to himself, except so far as it is communicated by his declarations. And these declarations, made about that time, and before the controversy arose, are legal evidence for him of his

intention of removing from, or remaining in, the State. *Russell* v. *Frisbie*, 19 Conn. 205.

The declarations offered in evidence, on the part of the plaintiff in error, were made by him about the time that he made the declaration upon which the attachment was taken out; and his acts with reference to procuring hands and making preparations for planting in Hinds, were done but a short time before or after that declaration was made, and at a time when there was no controversy or lis pendens between these parties, and were, therefore, competent evidence for the plaintiff in error, and should have been permitted to go to the jury. *Kolb* v. *Whitely*, 3 Gill. Johnson, 198; *Kilburn* v. *Bennett*, 3 Metcalf, 199.

The eleventh assignment of error is, that the court below erred in deciding that the plaintiff in error could not give in evidence any acts or conduct of his, occurring after the attachment proceedings were commenced. There is no error in this ruling of the court.

The declarations of a defendant in an attachment made after the attachment was sued out, are inadmissible to explain away the effect of previous declarations. *Tucker* v. *Frederick*, 28 Missouri, 574. The same reason that renders declarations of the defendant, made after the attachment is sued out, incompetent evidence for him, will apply to his subsequent acts and conduct, and render them inadmissible as evidence for him.

The eighteenth assignment of error is not well taken. The manner of swearing the witnesses, and the commissioner's certificate to the depositions, are a substantial compliance with the law. We, therefore, think there was no error in allowing the depositions of Graham and Hero to be read in evidence to the jury.

The nineteenth assignment of error is, that the court erred in permitting the note of Adams and Austin to R. Clardy, and endorsed by him and defendant Baker for $1,075, to be read to the jury, so as to bind Baker in the absence of all proof of protest and notice.

This presents the question of the legal effect of Baker's endorsement on said note, which is in the following words : "I

assign the within to Samuel D. Kelly for value received, and bind myself to paying it promptly after maturity, if not paid by the drawers at maturity."

This endorsement makes Baker a guarantor of the payment of the note. It is an absolute engagement that the makers should pay the note when due, or that he would pay it himself. The plaintiff below was not bound to prove demand of payment of the makers and notice of nonpayment, as in case of an ordinary endorsement. 2 S. & M. 139, *Matthews* v. *Chrisman*, 12 S. & M. 595.

There is a manifest distinction between an absolute guaranty of a promissory note, or a sum ascertained and certain, and a letter of credit, with a guaranty which requires acceptance and notice. Upon the failure of the makers of the note to pay it at maturity, the liability of the guarantor becomes fixed, and the holder has a right to sue him at once upon the guaranty, and recover the amount due upon the note, without proof of demand and notice, as in ordinary cases of endorsement. *Allen* v. *Rightmere*, 20 John. 365 ; *Heaton* v. *Hulbert*, 3 Scam. 491 ; *Klein* v. *Currier*, 14 Illinois, 241 ; *Hance* v. *Miller*, 21 Illinois, 638.

When the matter alleged lies peculiarly in the knowledge of the plaintiff, he must aver and prove that the defendant had notice, but when it lies equally in the knowledge of the defendant, such averment and proof are unnecessary. *Lent* v. *Padelford*, 10 Mass. 230 ; *Douglass* v. *Howland*, 24 Wend. 35 ; *Jones* v. *Train*, 11 Vermont, 444 ; 2 Amer. L. Cases, 54, 55, 94. The case at bar comes within the latter branch of the rule.

When the guaranty is, that the debt shall be paid by a particular day, the guarantor's obligation is not considered secondary or collateral, but primary and positive ; and no demand and notice are necessary. 4 Pike, 76 ; *Lee* v. *Dick*, 10 Peters, 496. And where a guaranty is absolute in its terms, and definite as to its amount and extent, no notice to the guarantor is necessary. *Carson* v. *Hill*, 1 McMullan, 76 ; *Williams* v. *Springs*, 7 Iredell, 384.

Where one contracts in the form of a guaranty upon the back of a promissory note, he cannot set up in defence the want of

demand and notice, nor the mere neglect of the holder to sue the maker. *Brown* v. *Curtis*, 2 Comst. 225 ; *Matthews* v. *Chrisman*, 12 S. & M. 595.

We have reserved for the last the consideration of the third assignment of error, which is, that the court erred in overruling the motion for a new trial of the first issue, made by the defendant below.

Upon the whole, for the reason given in this opinion, we think the court erred in refusing to grant a new trial of the first issue.

The judgment will, therefore, be reversed, the cause remanded, and a venire de novo awarded.