### G. W. HOLMES *v.* H. M. PRESTON ET AL.

1. BILL OF EXCHANGE. *Notice of protest; when unnecessary. Guarantor.*

   In a suit on a bill of exchange against a guarantor, or one primarily liable with the acceptor, proof of protest and notice is unnecessary. *Baker* v. *Kelly,* 41 Miss., 696.

2. SAME. *Practice. Immaterial allegation. Right result.*

   Where one sued as an indorser fails to object to evidence introduced to charge him as a guarantor, or as being primarily liable, a judgment for plaintiff, being the right result on the merits, will not be disturbed, on the ground that he did not sustain the burden of proof on him under the pleadings to show notice and protest.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

On September 17, 1891, Flash, Preston & Co., in New Orleans, La., drew a bill of exchange for $618.85 on their debtor, T. C. Garrott, of Minter City, Miss., payable to their own order December 1, thereafter. It was accepted by

Garrott, and appellant, G. W. Holmes, indorsed his name on the back thereof. Appellees brought this suit on the bill against Garrott as acceptor and Holmes as indorser. Plaintiffs recovered judgment, and the defendant, Holmes, prosecuted an appeal to this court, when the judgment was reversed by reason of the action of the court below in refusing plaintiffs leave to supply a defect of proof. See 70 Miss., 152.

The case being remanded, it was tried anew, and plaintiffs. again recovered judgment, from which this appeal is prosecuted by the defendant, Holmes. As will be seen from the opinion, the court finds that there was evidence going to show that the defendant, Holmes, was liable primarily or as a guarantor, without regard to proof of protest and notice, as to which latter there was controversy.

The opinion contains such further statement of the case as is necessary to an understanding of the questions decided.

*S. R. Coleman*, for appellant.

Holmes, the indorser, was entitled to notice of non-payment and protest. It was not shown that the notice was mailed to his post-office or place of abode, or that the same was unknown. *Stiles* v. *Inman*, 55 Miss., 469.

There was an effort to show that he was liable as a partner, but this was denied by him, and, besides, the suit was not brought against him as a partner, but as an indorser.

*Southworth & Stevens*, on the same side.

*Rush & Gardner*, for appellees.

Under § 1800, code 1892, proof of notice of dishonor is unnecessary unless dishonor is denied by plea under oath, which was not done in this case. While the suit was commenced before the adoption of the code, as to this it is governed by the law in force at the time of the trial. 46 Miss., 679; 50 *Ib.*, 677.

We submit that the proof of notice was sufficient. This.

being a demurrer to evidence, every fact and every conclusion which the evidence conduces to prove is admitted. 5 How. (Miss.), 552; 43 Miss., 180; 54 *Ib.*, 703; 11 Wheat., 320.

It is not denied that Garrott received notice, and, as he and Holmes were partners, the notice was sufficient to bind both. Tiedeman on Com. Paper, § 336; 20 John., 176; 54 N. Y., 50.

Holmes having pleaded that he was an accommodation indorser, was not entitled to dishonor of the draft in the hands of plaintiffs. Tiedeman on Com. Pa., 334; 9 Gratt. (Va.), 127.

On overruling the demurrer to evidence, there was nothing left but to grant judgment for plaintiff. *Hall* v. *Browder*, 4 How. (Miss.), 224. Appellant had no merit in his defense, and the correct result was reached.


COOPER, J., delivered the opinion of the court.

If the plaintiffs had declared against appellant, as they might have done under the facts proved, as primarily bound with Garrott, or as a guarantor, their right of recovery would have been clear, without regard to the fact that he did not have notice of the protest of the bill of exchange. *Thrasher* v. *Ely*, 2 Smed. & M., 139; *Baker* v. *Kelly*, 41 Miss., 696; *Tatum* v. *Bonner*, 27 *Ib.*, 760. But, having sued him as an indorser, it would have devolved upon them to prove notice and protest, if the defendant had objected to the evidence introduced to charge him in another character. This the defendant failed to do, and the evidence of the plaintiff tending to prove that notice was given, and that defendant was bound without regard to notice, the defendant introduced some evidence tending to prove the contrary, and then demurred to the evidence. The record discloses a novel conception of the office of a demurrer to evidence. Some of the evidence for the plaintiff was by deposition, and some of it oral testimony, taken down as it fell from the lips of the witnesses, and all of the evidence for the defendant was oral

testimony. The evidence, both for plaintiff and defendant, was set out in full, and the demurrer of the defendant was to the whole, both that of the plaintiff and his own. The plaintiff, "without admitting the correctness of the statements of the defendant," joined issue on the demurrer, on the hearing of which, the court gave judgment for the plaintiff. Without regard to the irregularities in the proceedings, we think a right result has been reached, and that, under the facts developed, a new trial would avail the defendant nothing.

*The judgment is therefore affirmed.*