QUINN *v.* ALEXANDER *et al.*

[88 South. 170, No. 21389.]

1. SUBROGATION. *A surety paying a judgment has all the equities of the judgment creditor.*

A surety paying a judgment against himself, his principal, and another, has, under section 3735. Code of 1906, Hemingway's Code, section 2911, all of the liens and equities therein that the judgment creditor had both against the surety's principal and the other person against whom the judgment was rendered.

2. BILLS AND NOTES. *Indorser's name need not be noted as indorser on execution of judgment on note against maker and indorser who has also guaranteed payment.*

Where a judgment is rendered on a promissory note against the maker and an indorser who has also guaranteed the payment of the note, the indorser is not within the requirement of section 4015, Code of 1906, Hemingway's Code, section 2577, that "The clerk or justice of the peace shall indorse on all executions issued on judgments rendered in suits on promissory notes and bills of exchange the names of the makers, drawers, acceptors, and indorsers, so as to designate the order in which they are liable," etc.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Suit by Mrs. Vallie B. Quinn against D. C. Alexander and others to enjoin the sale of property under execution. A temporary injunction was dissolved, and complainant appeals. Affirmed and remanded.

*Somerville & Somerville,* for appellant.

It is the contention of opposing counsel that the sheriff should not consider the rights of an endorser unless the clerk had first endorsed thereon the fact that a certain person was endorser and counsel refers to the word "such" before the word "execution" in section 4015. Our reading of this section is that the sheriff in making the money out of the property of the maker before the endorser is just as much bound as is the clerk. The section of the code simply says that "In suits on promissory notes" the clerk shall make a certain endorsement. It then says that the sheriff, or other officer, shall make the money on such executions out of the property of the maker, etc. If the sheriff has an execution based upon a judgment in a suit on a promissory note, as in this case we see existed, and the sheriff has already been enjoined by this endorser, and the sheriff knows, and admits, that he knows all of the facts and parties in interest; and if the attorneys for the endorser stand there pointing out to him the property of the maker and request him to levy upon it; then we think clearly the sheriff is bound by the section of the code, bound more by his own knowledge and the circumstances of the case than he would be by the mere endorsement on the execution. Our reason for saying so is that in the present instance we have shown so plainly to the court that the sheriff, Tonkel and Alexander were merely trying to pervert the decision of the courts, and pervert the law, and they all knew it.

Opposing counsel then state that appellee, Tonkle, did not pay the money to the sheriff acting under sections 4015 and 4016, but that he acted under section 3735 which is broader in its scope. We call the particular attention of the court to this part of the brief of our adversaries just filed. Referring to section 3735 and its broad scope, they say that the "Surety not being limited to the benefits of its provisions as against parties who are liable only to him as the rights of endorsers are limited by section 4016."

We cannot see this otherwise than an admission that if sections 4015 and 4016, have any application our entire position in this suit is well taken. We read the above sections to cover all suits involving promissory notes and can see nothing in the said sections to keep them from covering all suits on promissory notes, and this certainly is such a suit.

Counsel then re-argue the fact that Mrs. Quinn had an adequate remedy at law under section 3735. Counsel may think for the moment that this remedy was adequate, but we cannot see it that way. In the first place if Mrs. Quinn was entirely relieved from liability by the payment of the money by Tonkel she should take advantage of this situation while it existed. She was vigilant in this as in all other respects. Had she paid the money over she could not then have possibly been in as good situation as if the money had been paid by the surety for the maker. In other words if her liability had ended she could not afford to pay out anything. In the next place, as argued in our recent brief, if sections 4015 and 4016 apply and if the law is to be enforced then the execution being enjoined as it was, was the only remedy which could make the supposed officers of the law carry out the law.

*Roberts & Hallam,* for appellee.

Replying to the brief for appellant in response to the memorandum by the court, we have only to say: First: There is not in this record any showing that relief was thought of or asked under the provisions of section 3737 of the Code of 1906. And counsel for appellant very frankly concede this when they say "There are, therefore, no allegations of the bill of complaint justifying any recovery under section 3737." The letters at pages 55 and 58 of the record to which counsel make reference bear date respectively, April 13, 1917, and April 24, 1917—six months before the execution herein enjoined issued. The date of this execution, as alleged in the bill was October 10, 1917.

The letter of April 13, 1917, in which reference is made to an affidavit, therefore, did not refer to the present writ, and it fails to disclose the nature or contents of such affidavit or the purpose for which it was made or delivered.

Nor is there any reference in the bill to sections 4015 or 4016, tho counsel say the entire bill is predicated upon those sections. They attempt to relieve themselves from this omission to refer to the sections by contending that the bill sets up the facts and that under the facts the law applicable should be applied. But the bill does not recite any facts such as are referred to in these sections or which bring the case within them. The writ of execution in question bore no endorsement of the clerk of the names of the makers and endorsers so as to designate the order in which the parties were liable. The clerk could not have made this endorsement without usurping the functions of the court. The judgment did not so designate the order of liability. Hence the sheriff had no option in the matter but to levy on the property of both defendants in the execution, or either defendant, if property to levy on could be found. And these omissions were due, not to the neglect of duty on the part of the court, the clerk or the sheriff; but solely to the negligence of the appellant in failing to make timely application to see that the judgment truly recited her liability, if as she contends, her liability was other than that of a principal, and to her failure to protect her interest otherwise as the law provides. Under section 4015 the sheriff was directed to make the money out of the property of the makers on such executions, executions endorsed by the clerk designating the order in which the parties were liable. And so section 4016 cannot be relied on, because it must be taken and construed in conjunction with the preceding section, and because it has reference only to such an execution, an execution so endorsed by the clerk. It must also be remembered that Tonkel, as surety, in paying the judgment was not acting under sections 4015 and 4016, but under section 3735 which is broader in its scope, the surety not being there in limited to the benefits of its pro-

visions as against parties who are liable only to him, as the rights of endorsers are limited by section 4016.

By section 4016, the rights of the endorser in the cases therein mentioned are specifically provided for by incorporating into that section for the benefit of endorsers the rights of the surety under the chapter entitled Principal and Surety. Therefore, the execution enjoined failing to recite the liability of the parties, it became necessary for the endorser to pursue the method provided for the surety in said chapter in order to entitle him to claim the benefits of the same. The appellant did not do this. This gave her a remedy at law, simple, full, adequate, complete. She could not refuse to avail herself of it and then apply to a court of equity for relief against her own neglect; for protection against herself. It is quite true, as suggested by counsel that equity will not suffer a wrong to be without a remedy, but the wrong must not be one's own; and it is equally true, and more applicable here, that equity aids the vigilant, not those who slumber on their rights.

Smith, C. J., delivered the opinion of the court.

The appellant seeks by an original bill in equity to enjoin the sheriff of Bolivar county from selling her property under an execution on a judgment. She was granted a temporary injunction, but it was afterwards dissolved, and from the decree dissolving it an appeal was granted to this court to settle the principles of the case.

It appears from the record that in November, 1909, Alexander executed to the appellant a promissory note payable on demand, which was thereafter sold by the appellant to the First State Bank of Shaw; she guaranteeing the payment thereof by the following memorandum written on the back of the note above her signature:

"I guarantee payment of the within note, including interest and attorney's fees, waiving presentment for payment and notice of protest."

Alexander having failed to pay the note, W. G. Hardee, the receiver for the First State Bank of Shaw which had become insolvent, instituted an action at law thereon in the circuit court of Bolivar county against both Alexander and the appellant herein, and recovered a judgment against them. A separate appeal from this judgment was taken to this court by each of the defendants, each executing a separate appeal bond, and in due course the judgment of the court below was affirmed and a judgment rendered in this court in favor of Hardee, receiver, against the appellants, and the sureties on their two bonds. Neither the judgment rendered in the court below nor the one rendered here on appeal sets forth that Alexander was the maker of the note and that the appellee was the payee therein, or that either of them was the principal debtor. Execution was issued on this judgment by the clerk of the court below, and it was paid by Tonkel, one of the sureties on the appeal bond executed by Alexander, and thereafter another execution was issued on the judgment for Tonkel's benefit under the provisions of section 3735, Code of 1906, Hemingway's Code, section 2911. The sheriff was proceeding under this execution to sell property belonging to the appellant when he was enjoined from so doing as herein before set forth.

The contention of counsel for the appellant is that the action in which the judgment on which the execution was issued was rendered was on a promissory note on which the appellant was an indorser and liable only in event it cannot be collected from Alexander, from which one of two results must follow: (1) That when Tonkel paid the judgment he did only that which he had guaranteed his principal, Alexander, would do, and, consequently, in so far as the appellant is concerned the judgment has been discharged and Tonkel can look only to Alexander, the principal in the bond on which he was surety, for payment; or (2) that under section 4015, Code of 1906, Hemingway's Code, section 2577, the clerk of the court below should have noted on the execution that Alexander was the maker and

the appellee an indorser on the note sued on, and that the sheriff should not levy on property of the appellant until the property of Alexander has been exhausted without the judgment being satisfied.

First. That Tonkel was a surety on Alexander's, and not on the appellant's appeal bond, is of no importance here, for section 3735, Code of 1906, Hemingway's Code, section 2911, does not provide that a surety paying a judgment rendered against his principal "shall have all the liens and equities" which the creditor in the judgment has against the surety's principal but that he "shall have all the liens and equities" which the creditor has in the judgment.

Second. Placing on one side the fact that the judgment on which the execution was issued does not designate the character of the parties defendant therein, and that the clerk issuing the execution did not note the character in which they were sued on the execution, and leaving out of view the questions argued in connection therewith, section 4015, Code of 1906, Hemingway's Code, section 2577, can have no application here, for in so far as Hardee, the receiver for the First State Bank of Shaw, to whose rights Tonkel has been subrogated, the appellant's liability, because of the guarantee executed by her to the bank, became fixed by the failure of Alexander to pay the note, and in so far as the rights of the judgment creditor are concerned, her liability is that of a principal debtor. *Tatum* v. *Bonner,* 27 Miss. 765; *Baker* v. *Kelly,* 41 Miss. 696, 93 Am. Dec. 274.

*Affirmed and remanded.*