JONES, Justice:
Appellee sued appellant in the Chancery Court of Lauderdale County seeking to cancel two deeds of record and to he adjudged the owner of a one-third interest in certain real estate subject to a life estate. Appellant answered and filed a cross-bill seeking to confirm her title against appel-lee. The chancellor, after hearing, sustained appellee’s position. Defendant and cross-complainant appeals. We affirm.
Appellee was the widow of J. D. Stennis, Jr., a brother of appellant, a daughter of J. D. Stennis, Sr. These two with a deceased sister, Jamye, were the only heirs of Sten-nis, Sr., who died in 1934. In 1958, Sten-nis, Jr. died with appellee as his only heir. In 1960 Jayme Stennis died, leaving appellant as her sole heir.
Appellant owned an undivided two-thirds interest in fee simple plus a life estate in the other one-third.
The issues presented at the hearing were: (1) whether two deeds from Sten-nis, Sr. to appellant and Jayme Stennis (recorded in 1965) were delivered to the grantees by Stennis, Sr. before his death in 1934, and (2) whether a quitclaim deed from Stennis, Jr. to his sisters, conveying his reversionary interest in the lands, was delivered by him in his lifetime.
Conceiving that it would be of no material benefit to the parties, the bar, posterity, or jurisprudence to detail the myriad instruments, consisting of deeds of trust, timber deeds or dealings, easements, applications for homestead exemption, and a multitude of letters exchanged between appellant and her brother, and, after his death, his widow, in the record before us, nor the incidents and facts recited by the witnesses, suffice it to note that the proof and evidence before the Court was conflicting and presented the isues above for the chancellor’s solution.
He found neither deed was delivered and there was ample proof to sustain his finding.
There is, however, a question of law presented, and we deem it desirable that this question be discussed. Prior to the death of Stennis, Jr., and at a time when no issue had developed as to the delivery of the quitclaim deed from him and when there was no dispute about his ownership, testimony was given by the appellee in these words:
My husband brought the deed home from his office one day when he was home for lunch, and he handed it to me and said, “Here, put this away and if anything happens to me, depending on circumstances, you can give it to Sue or burn it.”
Another witness testified that Stennis, Jr. told him that he planned to:
Give it to his wife, Marian, and she could do what she would, give it to his sisters or destroy it or burn it if anything ever happened to him.
Objection was made to this evidence on the ground that it was a self-serving declaration, and, therefore, inadmissible in behalf of the estate or the appellee. There were perhaps other statements to this same effect. The appellee did not deliver the deed to appellant, but burned it.
Appellant cites authorities as to the general rule against the admission of self-serving declarations, including, among others, American Jurisprudence. However, there are exceptions to this general rule as set out in 29 American Jurisprudence 2d Evidence section 622, p. 675 (1967), where it is stated:
The rule against the admissibility of self-serving declarations has a number of exceptions. Since the real objection to self-serving statements is their hearsay character, and since even hearsay is admissible under exceptions to the general rule of exclusion, declarations may be admitted in evidence under some circumstances even though they are self-serv *718 ing. One exception permits the self-serving declarations of a party to be introduced in his favor where they are necessary to explain an act which takes, its character from the design and intention of the person who commits it. * * * (emphasis added).
Under the last sentence above quoted there are cited: Baker v. Kelly, 41 Miss. 696 (1868) ; and Worth v. Worth, 48 Wyo. 441, 49 P.2d 649, 103 A.L.R. 107 (1935). In the Mississippi case above mentioned, the second syllabus says:
The declarations of a party are admissible as evidence in his favor when they make a part of the res gestae, or where such declarations are necessary to explain an act, which takes its character from the design and intention of the party who does it; or where the intentions of a party are sought to be established, he may show what were his intentions by introducing evidence of his acts and declarations made ante litem motam, and at a time when he could have no reasonable motive to misstate facts. 41 Miss, at 696.
The Worth case says:
(W)e take it as self-evident that such state of mind can be shown by statements to a third party as well as by statements to a son. When a mental state or condition is in issue, such as motive, malice, or intent, an exception is made to the hearsay rule. (As authority for this statement, Worth cites) Jones, on Ev. (2d Ed.) § 1088; Wigmore, Evidence (2d Ed.) § 1714. 49 P.2d at 659.
In Kelly v. Bank of America Nat. T. & Sav. Ass’n, 112 Cal.App.2d 388, 246 P.2d 92, 34 A.L.R.2d 578 (1952), it is said:
There is no doubt that the law will examine the surrounding circumstances, that is the res gestae, and if two conflicting inferences arise, one as to the delivery and the other as to nondelivery, declarations by a decedent both before and after delivery are admissible for the purpose of throwing light upon these conflicting inferences. 246 P.2d at 98, 34 A.L.R.2d at 587.
Following the Kelly case is an annotation of this question and on page 592 of 34 A. L.R.2d, the leading statement of section 2 of such annotation is:
Although it is well settled that acts and declarations of a grantor made after he has parted with the title to the property in disparagement of its effective delivery are inadmissible when made in the absence of the grantee, a point conceded by many of the cases below, nevertheless the following cases hold or recognize that where the very question at issue is whether the grantor intended to make a legal delivery, that is, to unconditionally divest himself of title by an instrument in the form of a deed of conveyance, declarations of such grantor after physically delivering the deed to the grantee, or to a third person to hold for the grantee until some future time, are admissible as bearing on the vital question of intent for the purpose of determining whether or not there was in contemplation of law an effective delivery.
Following the statement of the annotator, there are cited cases from Arkansas, California, Idaho, Illinois, Iowa, Kansas, Michigan, Minnesota, Missouri, New Mexico, New York, North Dakota, Ohio, ■ Oklahoma, Pennsylvania, Texas, Utah, and Vermont.
The proof above mentioned was admissible under the facts of this case, and we therefore affirm.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.