Argued 7 October ; decided 21 October, 1901.

**DELSMAN *v.* FRIEDLANDER.**

[66 Pac. 297.]

PROMISSORY NOTE—GUARANTY—DEMANDING PAYMENT OF MAKER.

1.  A guaranty of payment is an absolute promise to pay the guarantied obligation when due, no demand or notice is necessary to hold the guarantor, and mere passiveness on the part of the holder will not release the guarantor :  *Weiler* v. *Henarie,* 15 Or. 28, applied.

NOTE—CONTRACT OF INDORSEMENT.

2.  An indorsement by the payee of a promissory note of the words, "I hereby guaranty payment of the within, and waive demand, notice of protest, and protest," on the back thereof is a contract of indorsement and not of guaranty.

WAIVING PROTEST—NEED OF CONSIDERATION.

3.  Where on the day when a note was due the indorsers thereof signed a .provision on the back of the note waiving demand, notice of protest, and protest, no consideration was necessary to uphold such waiver.

NOTE—PLEADING—PROOF—IMMATERIAL VARIANCE.

4.  Where in an action on a note an indorsement was alleged to have been made, and the note delivered, November 20, it was competent to prove that the note was actually delivered, indorsed in blank, in the previous August, and that on November 20 an indorsement of a waiver of demand and notice of protest was made on the note.

From Multnomah :  ALFRED F. SEARS, JR., Judge.

Action by Joseph Delsman against S. H. Friedlander and others.    From a judgment in favor of plaintiff, defendant Friedlander appeals.    AFFIRMED.

For appellant there was a brief over the name of *Bernstein & Cohen,* with an oral argument by *Mr. Alex. Bernstein*

For respondent there was a brief and an oral argument by *Mr. Robert C. Wright.*

MR. JUSTICE WOLVERTON delivered the opinion.

It is stated in the complaint that for value the defendants I. W. Baird and A. M. Baird, on July 19, 1893, executed to the defendant Friedlander their promissory note for $1,000, payable four months after date; that on November 20, 1893, the defendants S. H. Friedlander and John D. Wilcox, for value received, indorsed and gaurantied payment of said note, waiving demand, notice of protest, and protest thereof, and delivered the same so indorsed to this plaintiff, who is now the owner and holder thereof.    The answer of Friedlander sets up a discharge by reason of plaintiff's failure to make proper demand and give notice of nonpayment, and his delay and neglect to seasonably enforce collection while the defendants Baird were solvent.    Trial was had without a jury, and the court found as conclusions of fact: (1) That the note in question was executed in manner as alleged. (2) ''That in August, 1893, the plaintiff bought said note from the defendant S. H. Friedlander, and paid to him at said time the sum of $900 therefor, becoming then the owner and holder of the note, and he has ever since been such owner and holder thereof; that at that time said defendants Friedlander and Wilcox indorsed said note in blank, and delivered same to the plaintiff.    (3) That November 20, 1893, was the maturity and date of payment of said note; that on said date the plaintiff, through his agent, the United States National Bank of Portland, Oregon, requested the defendants Friedlander and Wilcox to sign the following indorsement and guaranty, to wit: 'November 20, 1893, for value received, I or we hereby guaranty payment of the within note, and waive demand, notice of protest, and protest.' (4) That said defendants Friedlander and Wilcox signed said above mentioned indorse-

ment and guaranty, and plaintiff did not make demand upon the makers for payment of said note at its maturity, and did not protest same. (5) That the only consideration for said indorsement and guaranty was that plaintiff did not go to the trouble and expense of protesting said note, which he would otherwise have done. (6) That at the time of maturity of said note both the makers of said note had property out of which payment would have been made, and both were financially able to pay the same, and remained so for nearly three years after the maturity of the note, but the plaintiff neglected to take any steps to enforce payment against said makers during said time or since, except the commencement of this action;'' and as a conclusion of law that the defendants were liable. Judgment having been entered accordingly, Friedlander appeals.

1. The appellant maintains that the legitimate deductions from the findings of the court are that he is a guarantor, and that by reason of plaintiff's neglect for more than three years, while the defendants Baird remained solvent, to take any steps towards the collection of the note, he is discharged from the obligation. Primarily, it may be stated as a legal proposition sustained and established by the very great weight of judicial opinion that a guaranty of the payment of a note or other obligation is an absolute undertaking to pay it when due, and that no demand or notice of nonpayment is necessary or requisite to fix the liability of the guarantor; and that mere passiveness on the part of the holder will not release such guarantor, even if the maker was solvent at its maturity, and thereafter became insolvent: *Roberts* v. *Hawkins,* 70 Mich. 566 (38 N. W. 575); *Hungerford* v. *O'Brien,* 37 Minn. 306 (34 N. W. 161); *Wheeler* v. *Lewis,* 11 Vt. 265; *Noyes* v. *Nichols,* 28 Vt. 159, 174; *Bloom* v. *Warder,* 13 Neb. 476 (14 N. W. 395); *Gage* v. *Merchants' Nat. Bank,* 79 Ill. 62; *Penny* v. *Crane Bros. Mfg. Co.* 80 Ill. 244; *Breed* v. *Hillhose,* 7 Conn. 523; *City Sav. Bank* v. *Hopson,* 53 Conn. 453 (5 Atl. 601); *Baker* v. *Kelly,* 41 Miss. 696 (93 Am. Dec. 274); *Wright* v. *Dyer,* 48 Mo. 525; *Bank* v. *Sinclair,* 60 N. H. 100 (49 Am.

Rep. 307) ; *Read* v. *Cutts,* 7 Me. 186 (22 Am. Dec. 184) ; *Allen* v. *Rightmere,* 20 Johns. 365 (11 Am. Dec. 288) ; *Blair* v. *Ward,* 10 N. J. Eq. 119; *Clay* v. *Edgerton,* 19 Ohio St. 549 (2 Am. Rep. 422) ; *Bayley* v. *Hazard,* 3 Yerg. 487. And this court, so far as its adjudications go, is in harmony with the doctrine : *Weiler* v. *Henarie,* 15 Or. 28 (13 Pac. 614). The Pennsylvania cases are technical. In *Campbell* v. *Baker,* 46 Pa. 243, it is held that a guaranty of the payment of the note "when due" is broken by nonpayment at maturity, and the guarantor is then liable upon his contract to the creditor, who is not bound to either pursue the principal or show his insolvency, while the converse is held where the language is, "I guaranty the payment of the within note ;" thus drawing a distinction between an undertaking to pay at a definite time and one to pay the obligation generally. And in Massachusetts the doctrine was formerly upheld in accordance with the appellant's contention (*Oxford Bank* v. *Haynes,* 8 Pick. 423, 19 Am. Dec. 334) ; but a later case has weakened the authority somewhat (*Vinal* v. *Richardson,* 13 Allen, 521), and the trend of recent decisions seems to be in one direction only.

2. This brings us to a consideration of the nature of Friedlander's undertaking,—whether as indorser or guarantor. Presumably, parties enter into contracts in view of the law, and, when terms or conditions are employed, that they are to serve a purpose. No demand or notice being requisite to charge a guarantor, a waiver thereof would have been idle ceremony upon the hypothesis that it was intended that Friedlander should enter into that relation. But, if the stipulation of waiver is considered in connection with the idea that he was to become an indorser only, then it has an important meaning, which has a significant bearing upon the transaction. Very few laymen are aware of the technical sense in which the term "guaranty" is often employed in contracts, and more often they use it in its general sense, as signifying to agree, promise, or undertake ; and we are constrained, in view of the language employed, and the attending circumstances, to construe the undertaking to be such as arises

from an indorsement with waiver of demand, notice, and protest, and not as a guaranty. In this we are fully sustained by *Savings Bank* v. *Fisher* (Cal.), 11 Pac. 490.

3. The indorsement is alleged to have been made, and the note delivered, November 20, 1893, but the findings show that the note was sold by Friedlander, indorsed in blank by him and Wilcox, and delivered to the plaintiff in August, and that there was simply an indorsement of the waiver on November 20, 1893, the day the note fell due. Under these considerations the latter transaction is challenged as having been consummated without any consideration to support it. This specific transaction was voluntary, no doubt, and intended to effectuate merely a waiver of demand and notice, which must otherwise have been made on that day by the holder, and no consideration was necessary to uphold it.

4. That the indorsement was declared upon as having been made, and the note delivered, on November 20, is not of vital consequence, as it was competent to prove the transactions as they were actually consummated. Friedlander was, therefore, liable as an indorser, and this conclusion renders it unnecessary to consider the motion for nonsuit, as it is based upon the hypothesis that he was a guarantor. AFFIRMED.