Submitted on briefs June 30, reversed October 11, rehearing denied October 28, 1921.

# CADY *v*. BAY CITY LAND CO., A CORP., ET AL.

### (201 Pac. 179.)

**Bills and Notes—Allegation That Payee, by Indorsement, "Notice of Protest Waived and Payment Guaranteed," Transferred and Assigned Note to Plaintiff, Held Sufficient to Allow Proof of Payee's Signature.**

1.   Under Sections 7810, 7822, 7823, 7855, Or. L., relative to the sufficiency and effect of indorsements of negotiable instruments, an allegation, in an action on a promissory note, that defendant by indorsement, "Notice of protest waived and payment guaranteed," transferred and assigned the note to plaintiff, was sufficient to allow proof that defendant signed the indorsement.

**Bills and Notes—"Notice of Protest Waived and Payment Guaranteed" Held to Pass Title, Being Equivalent to Indorsement.**

2.   Since one who writes his name on the back of a negotiable instrument may enlarge or restrict his liability without destroying his character as an indorser, a writing by the payee on the back of a promissory note, "Notice of protest waived and payment guaranteed," passed title to his assignee; such guaranty of payment being equivalent to an indorsement, and the rights of the parties, in view of Section 7910, Or. L., requiring protest only in case of foreign bills of exchange, not being affected by such waiver of notice.

**Guaranty—Payee, Indorsing Waiver and Guaranteeing Payment, Held Liable Without Demand or Notice.**

3.   A payee, indorsing on the back of a note, "Notice of protest waived and payment guaranteed," undertakes absolutely to pay it when due, and no demand or notice of nonpayment is necessary, as in the case of a stranger to the instrument collaterally guaranteeing its payment.

**Bills and Notes—Plaintiff must Prove Genuineness of Indorsement, Where Execution Denied.**

4.   In an action against an indorser on a promissory note, where the execution of the indorsement is denied, the burden is on plaintiff to offer evidence of the genuineness thereof.

2.   For authorities passing on the question of transfer of title to note by indorsement in form of guaranty, see notes in Ann. Cas. 1913D, 693; 36 **L. R. A.** 232; 41 **L. R. A. (N. S.)** 1009, and **L. R. A.** 1915C, 661.

ON REHEARING.

**Bills and Notes—Defendant's Admission of Transfer of Notes Does not Dispense With Necessity of Proving His Indorsement Thereof, When Denied by Him.**

5. Where defendant's name appeared as indorser on the back of the notes sued on, but he denied indorsing the note, thereby denying genuineness of such signature, his admission that he transferred the note did not relieve plaintiff from the burden of proving the genuineness of defendant's signature as indorser, as transfer is possible without indorsement, and, although a transferee under Section 7841, Or. L., acquires a right to have the indorsement of the transferor, such right cannot be enforced in an action at law, but only by proceeding in equity.

From Tillamook: GEO. R. BAGLEY, Judge.

In Banc.

The plaintiff brought an action against the Bay City Land Company and the defendant Solon Schiffman as the indorser of two notes alleged to have been executed by that company to Schiffman as payee, one for $1,000 and the other for $1,800, both dated "Bay City, Oregon, October 18, 1916." The making and delivering of the notes to Schiffman are admitted. The allegations of the complaint as to the two notes are identical, but are set up in two separate causes of action. The averment upon which the contest between the plaintiff and Schiffman arises is as follows:

"That thereafter for a valuable consideration the said Solon Schiffman by indorsement on said promissory note in the following language, 'Notice of protest waived and payment guaranteed' transferred and assigned the same to the plaintiff and at the same time and as a part of the consideration for said transfer and assignment, said Solon Schiffman waived notice and protest and guaranteed the payment of the said note according to the terms and conditions thereof. That plaintiff is now the owner and holder of said note."

The answer of Schiffman "admits that this defendant transferred said note." That it is long past due and unpaid is also admitted, but the quoted averment set out above is denied. There was no appearance for the defendant company. After a trial without a jury the court made findings of fact substantially in the words of the complaint, and as a conclusion of law found that the plaintiff was entitled to judgment against the defendants for the amount of the two notes with interest as stated. Judgment was entered accordingly against the defendants, from which the defendant Schiffman appeals, he alone having filed an answer.

. REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Botts & Winslow.*

For respondent there was a brief over the name of *Messrs. Johnson & Handley.*

BURNETT, C. J.—At the trial, the plaintiff was called as a witness in his own behalf and was handed two promissory notes, which he stated were the instruments described in the complaint. His counsel then offered them in evidence and they were marked as plaintiff's exhibits "A" and "B" without any objection. These exhibits, however, are not in the record before us. His counsel then made this statement: "I offer the whole instrument as it is, indorsement and everything else." The bill of exceptions does not disclose any objection to this offer. After some immaterial offers of testimony about the availability of certain collateral mentioned in the notes, which is not important here, the plaintiff rested, and the defendant declined to offer any testimony.

Schiffman then moved for a directed verdict in favor of himself, on the ground that the complaint does not state facts sufficient to constitute a cause of action against him, that he is sued as an indorser and in order to recover against him the complaint should show presentment of the note for payment, demand, and notice of nonpayment; and finally, that it does not show that the indorsement was signed by him. The court denied the motion and entered judgment as stated.

1, 2. As to the form of the allegation, it is sufficient to allow the plaintiff to prove the fact of an indorsement and delivery. In *Frasier* v. *Williams,* 15 Minn. 288, the allegation was that "said Aaron March [payee] for value received, transferred, indorsed and delivered it [the note] to the plaintiff." This was held to be a sufficient averment. In *Chester etc. Coal Co.* v. *Lickiss,* 72 Ill. 521, it is said that a statement that the payee indorsed the note to the plaintiff is sufficient without averring a delivery. It imports delivery. "An averment that the payee of a note indorsed it imports that he put his name on it in writing and delivered it to the indorsee, as there can be no indorsement except by the legal holder's name being on the instrument, and it cannot be complete without delivery."

Section 7810, Or. L., says:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided."

The exception relates to signatures by an agent, and the like.

"An instrument is negotiated when it is transferred from one person to another in such manner as to con-

stitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery." Section 7822, Or. L.

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement." Section 7823.

"A person placing his signature upon an instrument otherwise than as a maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Section 7855, Or. L.

The statutory word "indorse" employed in an allegation is sufficient to let in proof of all the elements detailed in the statute and summed up in that expression.

We hold, therefore, that the allegation that Schiffman indorsed, transferred and assigned the note to plaintiff is sufficient to allow proof of his signature to the indorsement, unless the language "notice of protest waived and payment guaranteed," is not to be construed as an indorsement. This is the important question in the case. There is a contrariety of the precedents, not as to the passing of title by such a writing on the note, but as to the effect of it. The rule is thus laid down in 8 C. J. 354, Section 533:

"There is considerable conflict in the decisions as to the effect of the payee's writing a guaranty on the back of a note, in regard to the nature of the liability of the signer, although it is almost universally held that the inclusion of a guaranty in the indorsement does not prevent it from operating as a transfer of the legal title to the instrument, and it is generally held that it is equivalent to an indorsement and hence that it cuts off equities."

The text-writer in that connection notes further discordance in the decisions in a few states. The very great majority of the precedents, however, is to the effect that a man who writes his name on the back of a negotiable instrument is an indorser and that he may enlarge his liability or restrict it, without destroying his character as an indorser.

We note in passing that there is no effort made to set up any defense as against the original holder of the note. In another form the question for discussion is whether title passed to the plaintiff irrespective of whether or not the note would be subject to defenses as against the original holder. The leading case cited against the doctrine that a writing of this kind on the back of a note is a contract of indorsement, is *Central Trust Co.* v. *Wyandotte First National Bank,* 101 U. S. 68 (25 L. Ed. 876, see, also, Rose's U. S. Notes). The bank, wishing to establish credit with the Cook County National Bank in Chicago, gave to the latter bank its note for $5,000 with an agreement, not expressed in the note, that the Cook County Bank should retain possession of the note and not negotiate it, and that the Wyandotte Bank should receive on the note only $1,000, leaving the balance of $4,000 to its credit in the Cook County Bank. Afterwards, in some transaction the Wyandotte Bank placed an additional sum of $868 to its credit with the Cook County Bank, making a total due to the Wyandotte Bank of $4,868, in the hands of the Cook County Bank. Contrary to its agreement, the latter bank negotiated the $5,000 note to a New York concern and it finally came into the hands of the Central Trust Company as receiver of the New York institution. At this stage the Wyandotte

Bank brought suit against the trust company to compel it to surrender and cancel the $5,000 note and return certain collateral pledged with it, upon payment by the Wyandotte Bank of $132, being the difference between the amount to its credit with the Cook County Bank, the original payee, and the $5,000 for which the note was given. The indorsement on the back of the note by the Cook County Bank was as follows:

"For value received, we hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at 10% per annum until paid, and agree to pay all costs and expenses incurred or paid in collecting the same.

"B. F. ALLEN, President."

The decree of the court was that upon payment by the maker of the note, the Wyandotte Bank, of $132 to the defendant receiver, the latter should surrender the note and collateral. The effect of this decree was that the title passed but left the note subject to prior defenses against the original holder, on the ground that the writing on the back of the note was not an indorsement and not intended as such. That case is not an authority against the passing of title by such an indorsement; it is only to the effect that such a guarantee does not cut off prior defenses.

A leading case on the other side of the question is *Hendrix* v. *Bauhard*, 138 Ga. 473 (75 S. E. 588, Ann. Cas. 1913D, 688, 43 L. R. A. (N. S.) 1028), which holds that a payee indorsing a guaranty on the note for the purpose of negotiating the same becomes an indorser with enlarged liability. In *Baldwin Fertilizer Co.* v. *Carmichael*, 116 Ga. 762 (46 S. E. 1002), it was held that where a payee

writes on the back of a note, a transfer of the same to a specified indorsee coupled with his guaranty of payment, he is to be held as an indorser. It is stated in *Voss* v. *Chamberlain,* 139 Iowa, 569 (117 N. W. 269, 130 Am. St. Rep. 331, 19 L. R. A. (N. S.) 106), that "The indorsement by the payee of a note of his name under a guaranty of payment, combined with a waiver of demand, notice and protest, constitutes a blank indorsement so as to pass title to one who takes the paper in due course for value." In *Kellogg* v. *Douglas County Bank,* 58 Kan. 43 (48 Pac. 587, 62 Am. St. Rep. 596), the holding was to the effect that such a writing on the back of the note is both an indorsement and a guaranty, and hence passes the title thereto. The court said:

"The guaranty itself would be senseless and wholly inoperative, unless the note was transferred by the payee to a third party."

In *Durand National Bank* v. *Shaw,* 157 Mich. 192 (121 N. W. 809, 133 Am. St. Rep. 342), the court said:

"A guaranty of payment indorsed upon a promissory note is equivalent to an indorsement within the meaning of the law-merchant."

In *Dunham* v. *Peterson,* 5 N. D. 414 (67 N. W. 293, 57 Am. St. Rep. 556, 36 L. R. A. 232), the court, speaking by Mr. Justice CORLISS, says:

"One who is payee or is the holder of negotiable paper, and writes above his indorsement the contract of guaranty of payment, is an indorser with enlarged liability. It is on this ground that the decisions rest which hold that such a transfer of a negotiable instrument is an indorsement of it, within the purview of the rule which shields a *bona fide* indorsee against defenses good between the original parties: (Citing many authorities.) * *

"In our judgment, this mooted question, whether the fact that, in addition to indorsing the paper, the person who negotiates it writes above his indorsement a special contract, takes from the act of indorsing the legal character of an indorsement of the instrument, was intended to be put at rest in this state by Section 4868, Rev. Codes. This section provides as follows: 'One who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called indorsement.' It will not do to assert that this section was passed to settle the question whether one out of the chain of title who indorses negotiable paper before delivering it to the payee, to give it credit, is liable as indorser or guarantor or as joint maker. Section 4877, Id., specifically relates to the subject. It declares that 'one who indorses a negotiable instrument before it is delivered to the payee is liable to the payee thereon as an indorser.' The only other purpose it could be enacted for, unless we assume it to be a purposeless enactment, was to declare that the act of writing his name upon negotiable paper by the holder thereof, as part of the negotiation thereof to a third person, should be an indorsement, despite the fact that, in connection with the act of indorsement, the indorser has, by special contract, restricted or enlarged his liability as indorser. We think this section is limited to the indorsement by the holder of the paper as part of the act of negotiation thereof. When these facts exist, the mere writing of a special contract above his name will not affect the character of his act as an indorsement. It is an indorsement, nevertheless."

The opinion quotes with approval this excerpt from *Brown* v. *Curtiss,* 2 N. Y. 225:

"The direct engagement of the indorser of a negotiable note, and of the guarantor of the payment of a note, whether negotiable or not, is the same.

Both undertake that the maker will pay the amount when it shall become due. If there is a failure in such payment, both contracts are broken. Ordinarily, upon the breach of a contract, the party bound for its performance immediately becomes liable for the consequent damages. In the case of the indorser of a negotiable promissory note, however, the liability does not become absolute, unless due notice of nonpayment is given to the party whom it is intended to charge. This is not because the indorser has thus stipulated in terms, but it is a condition annexed by the rules of the commercial law. In the case of a guarantor there is nothing to exempt him from the ordinary liability of parties who have broken their contracts, which is direct, and not conditional. No condition requiring notice of nonpayment is inserted in the contract, nor is any inferred by any rule of law.''

In *Elgin City Banking Co.* v. *Zelch,* 57 Minn. 487 (59 N. W. 544), there was written on the back of the note the following:

"Pay the Elgin City Banking Company. D. Dunham. Payment guaranteed.

"D. DUNHAM.''

Dunham was the original payee of the note. The holding in that case was to the effect that whether there was one contract or two written on the back of the note, an indorsement was the result. The fact that Dunham enlarged his liability beyond that of an indorser by guaranteeing payment did not affect the character of his indorsement. In *Mangold & Glandt Bank* v. *Utterback,* 54 Okl. 655 (160 Pac. 713, L. R. A. 1917B, 364), the indorsement signed by the payee was in this language: "Payment guaranteed. Protest waived,'' and the court held that the purchaser was an indorsee protected against prior de-

fenses. This excerpt is taken from the body of the opinion:

"There is no contention but that in the case at bar the defendant is at least a guarantor. If he be a guarantor only, then he is not entitled to the legal rights of an indorser to be served with notice of non-payment. Yet we find written upon the back of the instrument in controversy the very significant words 'Protest waived.' Why waive a right that the party did not have? It must be presumed that the parties did not intend to do a useless and unnecessary act when these words were written upon the back of the instrument, and the reasonable construction is that by the entire indorsement he became an indorser with the enlarged liability of being legally held to payment without notice of the dishonor of the note. Further, no one can fairly say that the intention of the defendant not to be bound is clearly indicated from the words written upon the back of the instrument in controversy; in fact, the indication points the other way."

See, also, *Mullen* v. *Jones,* 102 Minn. 72 (112 N. W. 1048); *Pollard* v. *Hoff,* 44 Neb. 892 (63 N. W. 58); *Buck* v. *Davenport Savings Bank,* 29 Neb. 407 (45 N. W. 776, 26 Am. St. Rep. 392); *McNary* v. *Farmers' National Bank,* 33 Okl. 1 (124 Pac. 286, Ann. Cas. 1914B, 248, 41 L. R. A. (N. S.) 1009); *Partridge* v. *Davis,* 20 Vt. 499; *Donnerberg* v. *Oppenheimer,* 15 Wash. 290 (46 Pac. 254); *National Exchange Bank* v. *McElfish Clay Mfg. Co.,* 48 W. Va. 406 (37 S. E. 541); *Robinson* v. *Lair,* 31 Iowa, 9; *Baskin* v. *Crews,* 66 Mo. App. 22; *First National Bank* v. *Cummings* (Okl.), 171 Pac. 862 (L. R. A. 1918D, 1099).

It would seem that the part of the indorsement, "notice of protest waived," is negligible, because in Section 7910, Or. L., it is said that protest is not required except in case of foreign bills of exchange.

In view of this enactment it is not apparent how the rights of a party can be affected favorably or adversely or at all by the waiver of notice of something which is not required. Really, it appears that the only effectual part of the writing is couched in the words, "payment guaranteed." It is clear from the pleadings that the payee intended to effect a negotiation of the instrument, that is, to pass the title from himself to a new holder. Indeed, he admits that he transferred the note. To whom he does not say, but the averment of the complaint is that he transferred it to the plaintiff. In brief, in our judgment, the complaint is sufficient to allow the plaintiff to prove that the defendant signed the indorsement. The language thereof does not limit, but on the contrary expands his liability into a condition where he is not entitled to notice of nonpayment or of demand on the maker for payment.

3. If the plaintiff can prove, as we think he has a right to under the pleadings, that the defendant Schiffman signed the quoted indorsement on the back of the notes, we have a situation where he assumed to pay the notes as an indorser who has waived demand and notice of nonpayment. Granting that he guarantees payment of the notes, in the language of *Delsman* v. *Friedlander*, 40 Or. 33, 35 (66 Pac. 297), "primarily, it may be stated as a legal proposition sustained and established by the very great weight of judicial opinion that a guaranty of the payment of a note or other obligation is an absolute undertaking to pay it when due, and that no demand or notice of nonpayment is necessary or requisite to fix the liability of the guarantor": Citing numerous authorities. It is not an instance where a stranger to the

instrument guarantees its payment, which would be a collateral undertaking. It is a case of a payee, an actual party to the note, assuming a position in negotiating the same whereby he waives all further action on the part of the holder in fixing the liability of him who includes a guaranty in his indorsement.

4. The plaintiff has stated a case which if he proves, he is entitled to recover from Schiffman the amount due on the notes. The execution of the indorsement is denied. Signatures do not prove themselves, and it is incumbent upon the plaintiff in the face of the traverse of his complaint to offer evidence of the genuineness of Schiffman's indorsement, if in fact the latter signed the same.

Of course, we have considered the pleadings as they now stand. The complaint does not state whether the transfer of the notes was effected before or after maturity or whether the present plaintiff took them without notice of defenses against them so as to exclude such defenses. Neither does the answer pretend to set up any defense except denial of the negotiation of the note in a manner to make the answering defendant liable. In brief, with the pleadings in their present state, the plaintiff is entitled to prove that Schiffman signed the writing alleged to be on the back of the note.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent herewith.                        REVERSED.

Denied October 11, 1921.

ON PETITION FOR REHEARING.

(201 Pac. 179.)

REHEARING DENIED.

*Messrs. Botts & Winslow,* for the petition.

*Messrs. Johnson & Handley, contra.*

In Banc.

BURNETT, C. J.—As grounds for rehearing, the plaintiff urges that because the notes sued upon and the indorsements thereon were not before us, as stated in the former opinion, we could not review the ruling on the motion for nonsuit.

Appended to the bill of exceptions is the following certificate signed by the trial judge and dated September 20, 1920:

"The foregoing bill of exceptions, including the attached transcript of testimony taken in the trial of the above cause, having been tendered by the defendant Schiffman, the same is hereby settled and allowed as a full and complete transcript of the proceedings had on the trial of said cause, and of all the testimony taken with the objections and exceptions taken and allowed by the court at that time."

According to the body of the bill, the only testimony was that of the plaintiff himself and the notes sued upon which with the indorsements thereon were offered in evidence by the plaintiff. For the purposes of this opinion it may be conceded, as plaintiff's counsel intimates in argument, that on the back of each of the notes was the name "Solon Schiffman"

and the words "Notice of protest waived and payment guaranteed." The record, however, is utterly devoid of any testimony about whether the name was signed by or on behalf of Schiffman.

In his brief on petition for rehearing the contention of the plaintiff is thus stated:

"These two notes in evidence, together with the indorsements thereon, would at least tend to establish the genuineness of the Schiffman signature. This is especially true in view of the fact that Schiffman admits in his answer the 'transfer' of the notes and this indorsement of Schiffman on the back of the notes shows that this transfer was made by such indorsement and not otherwise, and that such indorsement and transfer is followed by Schiffman's signature."

As shown by the bill of exceptions, the objection urged by counsel for the defendant Schiffman upon which his motion for nonsuit was based, concluded with this language, speaking of the amended complaint:

"It does not show that the indorsement was signed by Mr. Schiffman or anyone. The indorsement is set out and it does not include the signature of the defendant Schiffman."

All that the answering defendant admitted was that he transferred the note. The mere transfer may be accomplished without indorsement. In such case, the transferee takes the title of the transferor and in addition thereto acquires a right to have the indorsement of the transferor: Section 7841, Or. L. It is quite consistent with the pleadings in the present instance that the transfer was made without indorsement, that is, without the signature of Schiffman. That is all that is admitted by the answer. It is

true, the indorsee has a right to the indorsement of the transferor. This, however, cannot be enforced in an action at law. It is only by a proceeding in equity that the actual indorsement of the transferor can be secured: *Simpson* v. *First National Bank,* 94 Or. 147 (185 Pac. 913). On the face of the pleadings, therefore, we have the dilemma: If Schiffman did not sign the indorsement, he is not liable, because his name is not upon the note: Section 7810, Or. L.; on the other hand, if he merely indorsed it in blank without the words quoted in the amended complaint, "payment guaranteed," which is all the indorsement that could be compelled in the absence of additional agreement, he would not be liable under the complaint, because there is no allegation of presentment and notice of nonpayment. If the plaintiff relies on the mere transfer of the note without indorsement, which is all the answer admits, he must fail in this action, because only in equity can he compel the transferor to make the indorsement.

5. What we endeavored to point out in the former opinion was, that the plaintiff is entitled to prove that Schiffman actually signed the indorsement, and that if that could be proved, the complaint contained enough to hold him without any allegation or proof of presentment and notice of nonpayment of the note. But these averments of the complaint are traversed by the answer. In other words, while admitting transfer of the note, which is possible without indorsement, Schiffman denies indorsing the note. This puts the plaintiff on proof of his allegation and he must establish by the testimony not only that Schiffman's name is on the note, but that it is his

genuine signature as an indorser in the enlarged form indicated.

In *Sears* v. *Daly,* 43 Or. 346 (73 Pac. 5), the name of the defendant Phya Daly appeared appended to the note sued upon, in form as a signature. It was contended there, as here, that the fact that the name appeared there gave color to the presumption that it was rightfully there, and as her signature; but the court held to the contrary and concluded that such a presumption did not attach and that there must be some proof that the defendant signed the note. This doctrine was also followed in *Long* v. *Hoedle,* 60 Or. 377 (119 Pac. 484).

The deduction is, that even if the notes set out in the complaint had been appended to the bill of exceptions and the name of Schiffman had appeared on the back of them, the testimony would not have been sufficient to prove his signature. This contention was directly raised at the trial, according to the bill of exceptions, and its solution cannot be avoided. As pointed out in the former opinion, if Schiffman really signed the indorsement, "payment guaranteed," thus enlarging the liability of an indorser in blank, the plaintiff would be entitled to recover from him without alleging or proving presentment and notice of nonpayment. But the mere fact that his name appears written on the back of the notes is not proof that he wrote it there.

The petition for rehearing is denied.

REHEARING DENIED.