Argued February 28, reversed March 13, rehearing denied April 17, 1928.

# JAMES A. DOUGLAS *v.* C. E. RUMELIN ET AL.

### (264 Pac. 852; 266 Pac. 624.)

**Bills and Notes—Blank Indorsement Before Delivery, Guaranteeing Payment of Note, Constitutes Indorsement With Additional Liability, not Merely Collateral Contract of Guaranty.**

1. Blank indorsement, made on back of note before delivery, that signers guarantee payment of note and waive protest, demand and notice of nonpayment, constitutes indorsement with additional liability, not merely collateral contract to guarantee payment of note.

**Evidence—Parol Evidence is Inadmissible to Vary Indorsers' Liability as Shown by Note.**

2. Parol evidence is not admissible to vary liability assumed by indorsers of note as shown by written instrument itself.

**Trial—It was Judge's Duty to Define Liability of Maker and Indorsers of Note Fully Set Out in Complaint.**

3. Note sued on having been set out in full in complaint, it was presiding judge's duty to define liability of maker and indorsers.

**Partnership—Court Erred in Directing Verdict for One Partner on Ground That Other was not Authorized to Subscribe Former's Name to Indorsement of Note.**

4. Liability of partners signing indorsement of note being fixed by statute, court erred in directing verdict for one of them on ground that other was not authorized to subscribe former's name.

### ON PETITION FOR REHEARING.

**Bills and Notes—Where Consideration of Note was Paid to Indorsers, Their Undertaking by Indorsement and Guaranty was Direct Obligation, not Collateral.**

5. Where plaintiff paid consideration of note to indorsers, undertaking of defendant by indorsement and guaranty was direct obligation to plaintiff, and not collateral.

**Partnership—Whether Partner had Authority to Indorse Note in Name of Partnership Held for Jury.**

6. Whether defendant, a partner, was authorized to sign name of partnership to indorsement on note, *held* for jury.

---

1. Character under uniform Negotiable Instruments Law of one who places name on back of note prior to or at time of delivery, see notes in 14 L. R. A. (N. S.) 842; L. R. A. 1916D, 223. See, also, 12 R. C. L. 1060.

2. See 3 R. C. L. 974.

Bills and Notes—Guarantor is not Entitled to Notice and Protest of Nonpayment of Note, but Indorser is.

7. A guarantor is not entitled to notice and protest of nonpayment of note, but an indorser is.

---

Bills and Notes, 8 C. J., p. 71, n. 35, p. 78, n. 53, p. 355, n. 56, p. 357, n. 76, p. 1060, n. 40, p. 1072, n. 84.
    Evidence, 22 C. J., p. 1089, n. 31.
    Guaranty, 28 C. J., p. 894, n. 82, p. 983, n. 54.
    Partnership, 30 Cyc., p. 594, n. 32.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

This is an appeal from the judgment in favor of defendant Ashley based on a directed verdict in his favor. The action was based upon an ordinary promissory note, upon the back of which was written the following:

"For value received, we hereby guarantee the payment of the written note and waive protest, demand and notice of nonpayment thereof.

"ASHLEY & RUMELIN,
"By C. E. RUMELIN."

The presiding judge construed the writing on the back of the note to be a collateral contract to guarantee the payment of the note. He stated:

"This action is not brought on this undertaking but is brought on the note itself. I have become convinced, after very extended argument, that Ashley & Rumelin were not endorsers, as we say in the general business world. The endorsement that appears on the back of this note is not a commercial endorse-

---

7. Necessity for notice of default to guarantor, see notes in 105 Am. St. Rep. 516; 20 L. R. A. 257. See, also, 12 R. C. L. 1093. Necessity of notice of demand and protest when paper held as collateral or conditional payment, see note in 68 L. R. A. 487. Duty of holder of note containing indorsement in form of guaranty to make demand for payment and give notice of nonpayment, see note in 21 A. L. R. 1390.

ment by the firm of Ashley & Rumelin; it is a guaranty contract and they are not sued on that contract; they are sued on the note, sued as endorsers. * * I must hold that the endorsement is one of guaranty and as they are not sued on the guaranty, of course they can not be held. There is nothing for the jury to consider. * * ''

The charging part of the allegation is that

''defendants executed and delivered to plaintiff a certain promissory note payable one year after date of the following tenor, to wit'';

Then follows the note in full. In order to dispose of the case it is only necessary to consider the order of the judge presiding at the trial directing the verdict.                                                    REVERSED.

For appellant there was a brief over the names of *Mr. MacCormac Snow, Mr. Franklin F. Korell* and *Mr. Wm. A. Carter,* with an oral argument by *Mr. Snow.*

For respondents there was a brief over the names of *Messrs. Platt, Platt, Fales & Smith* and *Mr. George Black, Jr.,* with an oral argument by *Mr. H. G. Platt.*

COSHOW, J.—1. This court has determined that a writing on the back of a note, of the tenor involved in the instant case, constitutes an indorsement with additional liability and is not a collateral contract to guarantee the payment of the note only: *Cady* v. *Bay City Land Co.,* 102 Or. 5 (201 Pac. 179, 21 A. L. R. 1367). See, also, *National Bank of the Republic* v. *Price,* 65 Utah, 57 (234 Pac. 231, 234).

The indorsement in the instant case was a blank indorsement and was made before delivery of the instrument. This principle is further discussed at great

length in *Case* v. *McKinnis,* 107 Or. 223 (213 Pac. 422, 32 A. L. R. 167). It is there held that an indorsement in blank, similar to the writing here involved, before the delivery of a note, makes the indorsers liable as indorsers, not as makers or guarantors only. This was the holding of this court as early as 1894 when *Wade* v. *Creighton,* 25 Or. 455 (36 Pac. 289), was decided.

2, 3. Parol evidence is not admissible to vary the liability assumed by defendants as shown by the written instrument itself: *Case* v. *McKinnis,* above. The instrument having been set out in full in the complaint, it is the duty of the judge presiding at the trial to define the liability of the maker and the indorsers thereon.

4. There was a question of fact involved and that was whether or not C. E. Rumelin was authorized to subscribe the name of Ashley & Rumelin to the indorsement. Their liability, if they did sign the indorsement, is fixed by statute. It follows that the court erred in directing a verdict in favor of defendant Ashley.

The judgment is reversed and the cause remanded for further proceedings in harmony with this opinion.

Reversed and Remanded.

Rand, C. J., and McBride and Rossman, JJ., concur.

Rehearing denied April 17, 1928.

ON PETITION FOR REHEARING.

(266 Pac. 624.)

For the petition, *Messrs. Platt, Platt, Fales & Smith* and *Mr. George Black, Jr.*

No appearance *contra.*

COSHOW, J.—Defendant Ashley has presented a very earnest and urgent petition for rehearing. No new authorities or additional reasons are assigned in the petition or brief for rehearing. The brief on petition for rehearing is ably presented but is not convincing.

5. The contention made by defendant Ashley and sustained by the learned circuit judge is that the indorsement on the note signed by defendants is a collateral contract or undertaking and not a direct liability on the note. This argument overlooks the fact that the indorsement was written on the back of the note and subscribed before the delivery or negotiation of the note. It was a part of the original transaction between the plaintiff and defendants. The complaint alleges that the consideration of the note was paid to the indorsers by plaintiff. The undertaking of defendant by their indorsement and guaranty was then a direct obligation to plaintiff and not collateral: *Delsman* v. *Friedlander*, 40 Or. 33, 35 (66 Pac. 297). In that case the indorsement was as follows:

"November 20, 1893, for value received, I or we hereby guaranty (guarantee) payment of the within note, and waive demand, notice of protest, and protest."

The late Mr. Justice WOLVERTON wrote the opinion and in page 35 of the official Report (66 Pac. 298) says:

"Primarily, it may be stated as a legal proposition sustained and established by the very great weight of judicial opinion that a guaranty of the payment of a note or other obligation is an absolute undertaking to pay it when due, and that no demand or notice of nonpayment is necessary or requisite to fix the liability of the guarantor; and that mere passiveness on the part of the holder will not release such guarantor, even if the maker was solvent at its maturity, and thereafter became insolvent. (Citing many authorities.)"

And in page 37 (66 Pac. 299) says:

"Friedlander (the party signing the guaranty) was therefore, liable as an indorser, and this conclusion renders it unnecessary to consider the motion for nonsuit, as it is based upon the hypothesis that he was a guarantor."

It is true that Friedlander was the payee in the note and was passing the title. Under the allegations of the complaint, and there was evidence to support the allegation, defendants were also negotiating the note and received the money represented by the note instead of the ostensible maker thereof.

6. It is not for the court to determine the fact as to whether or not defendant Rumelin was authorized to sign the name of the partnership, Rumelin & Ashley, to the indorsement on the note. That is a disputed question and should have been submitted to the jury under proper instructions. Defendants and the learned Circuit Court rely largely on the case of *Noble* v. *Beeman*, 65 Or. 93, 100 (131 Pac. 1006, 1009, 46 L. R. A. (N. S.) 162), where this language is used:

"It may be conceded that as to the bank the plaintiff, who signed the writing on the back of the note, and the defendants in this action, all of whom signed the note as makers, were all directly liable. Such is the doctrine taught by all the cases cited in defendant's brief. (Cases cited.)"

It thus appears that the learned justice who wrote the opinion relied upon with such assurance by defendants held that in the similar indorsement in the Noble case the guarantor's undertaking was direct and not collateral. The Noble case was brought by the guarantor who was compelled to and did pay the note against the other defendants who were accommodation makers and liable to Noble for the amount he paid. It was not a case where the payee or his indorsee was suing the guarantor who had indorsed his guaranty on the back of the note. The contract between Noble and the defendants was collateral to the obligation assumed by the makers of the note and the payee therein. The learned justice does use some language in his opinion which, taken alone and wrested from its setting in the facts, supports the contention of defendants and the holding of the learned circuit judge, but when taken in the light of all of the circumstances it is not authority that one who signs such an indorsement as appears in the instant case does not assume the liability of an indorser. To the extent that the Noble case does support the contention that a guarantor who signs an indorsement on the back of a note similar to the one involved in the instant case assumes a collateral contract as guarantor only, it was overruled in the case of *Cady* v. *Bay City Land Co.,* 102 Or. 5 (201 Pac. 179, 21 A. L. R. 1367). The opinion in this case was written by the same learned justice who wrote the opinion in

the Noble case. In the Cady case, page 9 of the official Report (201 Pac. 180), the learned justice wrote:

"We hold, therefore, that the allegation that Schiffman indorsed, transferred and assigned the note to plaintiff is sufficient to allow proof of his signature to the indorsement, unless the language 'notice of protest waived and payment guaranteed,' is not to be construed as an indorsement. This is the important question in the case."

.Again in page 16 (201 Pac. 182) the learned justice used this language:

"The language thereof does not limit, but on the contrary expands his liability into a condition where he is not entitled to notice of nonpayment or of demand on the maker for payment."

7. The Cady case goes on to quote with approval the language in *Delsman* v. *Friedlander,* above, and to hold that where a stranger to the instrument guarantees the payment, his undertaking would be collateral, but we cannot hold that a person or firm which signs the note or an indorsement written on the back of the note for the purpose of procuring the loan and receives the money can be a stranger to the instrument given to evince the loan. Under the allegations of the complaint in this case, which was supported by the evidence, defendants were the real parties in interest, the parties to whom the consideration accrued and for whom the ostensible maker was an accommodation party. The words "waive protest, demand and notice of nonpayment thereof" were useless in the instant case, unless defendants were indorsers. A guarantor is not entitled to notice and protest. An indorser is: *Noble* v. *Beeman et al.,* above; *Cady* v. *Bay City Land Co.,* above; *Delsman* v. *Friedlander,* above. Defendants' undertaking in the instant

case was an indorsers' enlarged by that of a guarantor.

The former opinion is adhered to. The rehearing is denied. REHEARING DENIED.