No. 14,542.

WINTON *v.* SULLIVAN.
(91 P. [2d] 996)

Decided June 12, 1939.

Mr. HARRY BEHM, for plaintiff in error.

Messrs. PARRIOTT & CRANSTON, Mr. JAMES L. WEIN-
MEYER, for defendant in error.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS is an action by plaintiff in error, plaintiff below,
against, E. J. Sullivan, defendant in error, defendant be-
low, on a promissory note. Judgment was entered in
favor of defendant and plaintiff seeks reversal. The
issues were decided upon the pleadings and stipulated
facts. It appears that June 11, 1932, The Littleton Drug
Company executed and delivered its promissory note to
the First National Bank of Littleton, payee. Defendant,
prior to delivery of said note to payee, endorsed the same
as follows: "Demand notice and protest waived. Pay-
ment guaranteed. E. J. Sullivan." Payee went into re-
ceivership. Subsequently, and after maturity, the re-
ceiver, for valuable consideration, assigned said note to
plaintiff. Some time after the execution of the note the
maker became financially embarrassed and attempted to
make an assignment for the benefit of its creditors, cul-
minating in an offer by the mortgagee of the property
of the maker to the creditors, by which the payee was
offered twenty per cent of the amount due on the note.
This offer was rejected by the receiver of the payee, as
evidenced by correspondence between the so-called trustee
of the creditors of the maker, the receiver stating, in
substance, to said trustee, that the Comptroller of the
Currency would not authorize the acceptance of the twen-
ty per cent unless the waiver of defendant, as an endorser
of the note, was first obtained, otherwise no surrender of

the note would be made. The note never was surrendered. November 1, 1933, the trustee executed his check to the payee for said twenty per cent and endorsed thereon the following: "Acceptance hereof constitutes an agreement by payee to accept this check in full settlement of all indebtedness due the payee from the debtor named upon the face hereof and also constitutes ratification of all acts of trustee of said debtor." This check was received and cashed by the receiver, and the sum credited on the note.

The errors assigned may be comprehended in the following statement: That the trial court erred in its findings and judgment in favor of defendant and against plaintiff. Plaintiff contends, first, that the acceptance, under the circumstances, of the twenty per cent by the receiver of the payee did not release the maker, because the trustee had no authority to require the release of the maker; and that the twenty per cent was a partial payment of a liquidated debt, citing *Schlessinger v. Schlessinger*, 39 Colo. 44, 88 Pac. 970; and second, if the maker was released by the acceptance of the twenty per cent, correspondence between the receiver and the trustee indicates an express reservation to hold the defendant liable as endorser. Counsel for defendant contend that the maker of the note was released by the acceptance of the twenty per cent by the receiver, and that defendant, being secondarily liable, was thereby discharged from any liability, because the receiver did not, at the time of the acceptance of the check, expressly reserve the liability of the endorser.

Several sections of the Uniform Negotiable Instruments Act, which was adopted in this state in 1897, are applicable. The sections in the act are numerically the same as in chapter 112, '35 C. S. A. We quote those which are pertinent:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lend-

ing his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." '35 C. S. A., c. 112, §29.

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser unless he clearly indicates by appropriate words his intention to be bound in some other capacity." '35 C. S. A., c. 112, §63.

"A person secondarily liable on the instrument is discharged:

\* \* \*

"Fifth—By a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved." '35 C. S. A., c. 112, §120.

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable." '35 C. S. A., c. 112, §192.

In its findings the trial court stated, among other things: "The controversy in this case arises by reason of the fact that the defendant, E. J. Sullivan, is a guarantor on the said note sued upon. The payment of the said note was guaranteed by the defendant, Sullivan. The Littleton Drug Company was a party primarily liable, and E. J. Sullivan, being an indorser on the said note as guarantor, became secondarily liable."

The trial court predicated its judgment for defendant upon the theory that defendant was a guarantor of the note, that the maker was primarily liable, and that defendant, as such guarantor, was secondarily liable; that by the acceptance of said check, without express reservation to proceed against defendant, the maker was released, and therefore, under the circumstances above mentioned, defendant was released from any further liability to the assignee of the payee. There is no con-

tention here, nor are there any facts supporting such a contention, if made, that the endorsement on the note signed by defendant is a collateral contract or undertaking and not a direct liability.

■■ The liability of a guarantor of negotiable paper is not fixed by the negotiable instruments law. There is nothing to prevent the same person being both guarantor and endorser. *Douglas v. Rumelin,* 130 Ore. 375, 280 Pac. 329. The learned trial judge misconceived the liability of defendant, in finding that he only was a guarantor. It clearly appears from the pleadings that the endorsement by defendant was made prior to delivery of the note to the payee. By the weight of authority, when the endorsement is in the language used in the instant case, defendant clearly is a surety or accommodation endorser within the meaning of section 29, supra.

One of the latest cases sustaining this principle is *M. J. Wallrich Land & Lumber Co. v. Ebenreiter,* 216 Wis. 140, 256 N. W. 773. The endorsement of the note in that case was as follows: "Protest waived. Payment guaranteed." The Supreme Court of Wisconsin there quoted extensively from the opinion in the case of *Mangold & Glandt Bank v. Utterback,* 54 Okl. 655, 160 Pac. 713, as follows:

"It will be observed from section 4113 that the tendency of the law, when the status of a party who places his name upon the back of a negotiable instrument is under consideration, is to resolve all doubtful cases towards holding the same to be a commercial indorsement in due course. This rule is founded upon commercial necessity. The unshackled circulation of negotiable notes is a matter of great importance. The different forms of commercial instruments takes the place of money. To require each assignee, before accepting them, to inquire into and investigate every circumstance bearing upon the original execution and to take cognizance of all the equities between the original parties, would

utterly destroy their commercial value and seriously impede business transactions.

"A simple indorsement by the payee of his name upon a note serves the double purpose both of transferring the title to the holder and of charging the payee with the obligation to pay it in event the maker upon presentation declines to honor it. But before the liability can be fixed against the indorser there must be: First, a demand made upon the maker of the note for payment; and, second, in case the same is not paid, notice must be given the indorser. The rule seems to be that a general guaranty is in law a general indorsement of the instrument, with a waiver of the condition precedent of a notice of nonpayment by the drawers. 3 R. C. L. §371.

"There is no contention but that in the case at bar the defendant is at least a guarantor. If he be a guarantor only, then he is not entitled to the legal rights of an indorser to be served with notice of nonpayment. Yet we find written upon the back of the instrument in controversy the very significant words 'Protest waived.' Why waive a right that a party did not have? It must be presumed that the parties did not intend to do a useless and unnecessary act when these words were written upon the back of the instrument, and the reasonable construction is that by the entire indorsement he became an indorser with the enlarged liability of being legally held to payment without notice of the dishonor of the note. Further, no one can fairly say that the intention of the defendant not to be bound is clearly indicated from the words written upon the back of the instrument in controversy; in fact, the indication points the other way."

To the same effect are *Hoosier Mut. Ins. Co. v. Citizens' Trust & Savings Bank,* 89 Ind. App. 5, 165 N. E. 446; *Guaranty Mortgage Co. v. National Life Ins. Co.,* 55 Ga. App. 104, 189 S. E. 603; *Jaronko v. Czerwinski,* 117 Conn. 15, 166 Atl. 388; *Douglas v. Rumelin,* 125 Ore. 261, 264 Pac. 852, 266 Pac. 624, 130 Ore. 375, 280 Pac. 329; *Ruby v. West Coast Lumber Co.,* 139 Ore. 388, 10 P. (2d) 358;

*Voss v. Chamberlain,* 139 Ia. 569, 117 N. W. 269; *First Nat. Bank v. Baldwin,* 100 Neb. 25, 158 N. W. 371.

In the case of *Hall v. Farmers Bank,* 74 Colo. 165, 220 Pac. 237, we had occasion to pass on the liability of a surety on a negotiable instrument. In that case we said (pp. 169, 170): "It is significant, however, that the word 'surety' is not found in our Negotiable Instruments Act. Section 192 (C. L. 1921, §4009), reads: 'The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily liable.' So far as concerns the holder of a note, the liability of a surety is a 'primary' liability as distinguished from a 'secondary' liability, and this is so within the meaning of those terms as employed in our Negotiable Instruments Law. 8 C. J. pp. 73-74; p. 611, §848. By section 29 of the act an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person."

■ By the great weight of authority a surety or accommodation party to a negotiable instrument is primarily liable. An accommodation party is primarily liable: 5 U. L. A., p. 872, et seq., §192, and cases cited. A surety is primarily liable: 5 U. L. A., pp. 874, 875, §192, and cases cited. *Hall v. Farmers Bank, supra.*

■■ If we are correct in our construction of the Negotiable Instruments Act, that under the circumstances here defendant was a surety or accommodation endorser, then he was primarily liable. It is unnecessary to determine whether the acceptance by the receiver of the payee of the check for the twenty per cent released the maker. Considerable confusion exists in the decisions in the use of the words "guarantor" and "surety," and courts have interchangeably used these terms without careful distinction. The primary purpose of the adoption of the uniform Negotiable Instruments Act was to remedy the confusion of local laws and decisions by mak-

ing the law uniform in the different states. 10 C. J. S. 419. Taking the position we do, that the liability of defendant here is that of either a surety or accommodation endorser, we follow not only *Hall v. Farmers Bank, supra,* but are in harmony with the weight of authority in this country. This pronouncement we believe to be in accord with justice and equity in solving questions arising in commercial transactions relating to negotiable instruments. Summing up the facts in this case, we have the negotiation of a loan evidenced by a note signed by defendant as vice-president of the maker, and endorsed by him personally before delivery, guaranteeing payment. The assignee of payee receives a payment of twenty per cent on the note from a stranger to the instrument, and, because he accepts this without defendant's consent, it is asserted that defendant is released from any further liability. If there is any justice in defendant's claim in the light of the facts in this case we fail to see it. When defendant endorsed the note before delivery he was lending his name to pay the note within the meaning of section 29, supra.

The judgment is reversed and the cause remanded, with instructions to enter judgment for plaintiff.

MR. JUSTICE FRANCIS E. BOUCK not participating.