Argued September 9, modified and remanded with
directions December 11, 1968

## JENKS HATCHERY, INC., *Respondent, v.*
## ELLIOTT, *Appellant.*
### 448 P. 2d 370

*Donald H. Coulter,* Grants Pass, argued the cause and filed the briefs for appellant.

*James H. Jordan,* Albany, argued the cause for respondent. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

The plaintiff is a corporation which assumed and paid an obligation of a partnership. The partnership

obligation was that of an accommodation maker on a negotiable promissory note. This action was brought against the principal maker who was accommodated. Defendant appealed from a judgment for plaintiff.

Jenks Hatchery, the partnership, co-signed as an accommodation maker the negotiable promissory note of defendant. The partnership was thereafter converted into Jenks Hatchery, the plaintiff corporation, the stock in which was issued to the partners and their wives. Plaintiff assumed debts of the partnership in return for a transfer of assets. Plaintiff thereafter paid the note when defendant defaulted. At the time of final payment the note was marked paid and delivered to plaintiff. A year and one-half after the final payment, the payee made a purported assignment of the note to the partnership which, in turn, assigned it to the plaintiff. Plaintiff asserts that its action is on the note.

Defendant first contends that the trial court erroneously overruled his demurrer to plaintiff's complaint. The ground for the demurrer was that the complaint failed to state a cause of action. The complaint alleges the execution of the note by defendant and the partnership and that it was so executed by the partnership for the accommodation of defendant. It then alleges the formation of plaintiff corporation, the transfer of partnership assets to plaintiff, and plaintiff's assumption of partnership liabilities in consideration thereof. It further alleges defendant's failure to pay the note at maturity and plaintiff's payment of the note and accumulated interest. It also alleges assignment of the note to plaintiff a year and one-half after it was paid. It requests interest at the rate borne by the note of 6¾ per cent and alleges reasonable attor-

ney's fees of $1,500. The note provides for attorney's fees.

Defendant argues that plaintiff has misconceived its remedy and that the facts alleged do not state a cause of action *on the note.* The question raised is whether one, who for a consideration assumes and pays the obligation of an accommodation maker on a negotiable promissory note, can sue the principal maker on the note.

■ The note was dated May 2, 1961, and payable on demand or by May 5, 1962. The Uniform Commercial Code (ORS ch 71) became effective in this state on September 1, 1963. The law enacting the code provides that transactions entered into prior to the effective date of the code are enforced and terminated under prior law. Oregon Laws 1961, ch 726, § 427(2), p 180. Therefore, the present question is governed by provisions of the Negotiable Instruments Law (NIL) which has now been repealed.

■ The prevailing view is that while an accommodation maker has an action for reimbursement as a surety, he has no action on the note. See Annotation, 36 ALR 553 (1925); 77 ALR 668 (1932). This rule is based on two lines of reasoning. First, an accommodation party is absolutely required to pay the instrument, and, therefore, is primarily liable as a principal debtor. ORS 71.192.[①] *Hunter v. Harris,* 63 Or 505, 509, 127 P 786 (1912). An instrument is discharged by payment in due course by or on behalf of the prin-

---

[①] ORS 71.192

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable." Rep Oregon Laws 1961, ch 726.

cipal debtor. ORS ·71.119.⊗ · The partnership which signed the note as an accommodation party was ·primarily liable and a principal debtor. Plaintiff paid the money upon the partnership's behalf and, incidentally, also upon behalf of the party accommodated. Thus payment was made for not one but both of the principal debtors and the instrument was discharged and of no further effect and could not be sued upon. See 3 Daniel, Negotiable Instruments, 1466, § 1421 (7th ed 1933). Second, an accommodated maker's agreement with the accommodation maker is one implied at law for reimbursement for whatever the accommodation party may be required to pay on the accommodated party's behalf. Therefore, it is an action by a surety upon implied contract for reimbursement and not· upon the note. The practical difference is that an_action on an implied contract for reimbursement does not entitle one: to attorney's fees, nor does it require the payment of interest in excess of the legal rate on the amount paid.

. . The point has never been directly· ruled upon in Oregon, though there· are cases which discuss related problems, indulge in *dicta,* or are so imprecise concerning facts as to leave the subject matter in doubt. See.*Northwest Adjustment Co. v. Payne,* 173 Or 229, 144 P2d 718 (1944); *Commercial Securities, Inc. v. Mast,* 145 Or 394, 28 P2d 635 (1934); *Douglas v. Rumelin ..et al,* 130 Or 375, 280 P 329 (1929); *Douglas v. Rumelin et al,* 125 Or 261, 264 P 852, 266 P 624 (1928); *Farmers' State Bank v. Forsstrom,* 89 Or 97, 173 P

---

⊗ ORS 71.119

"A negotiable instrument is discharged:

·· · "(1) By payment in due course· by or on behalf of the : ·principal debtor * * *.

·.·: "\* \* \* \* ·\*·".

Rep Oregon Laws 1961, ch 726.·

935 (1918); *Noble v. Beeman-Spaulding-Woodward Co.*, 65 Or 93, 131 P 1006 (1913); *Hunter v. Harris,* supra; *Marsters v. Umpqua Oil Co.*, 49 Or 374, 90 P 151 (1907); *Sheahan v. Davis,* 27 Or 278, 40 P 405 (1895). We adopt the prevailing view, but it will be of no great moment to the jurisprudence of this state in the future, as the rule has been changed by the adoption of the Uniform Commercial Code. See ORS 73.4150(5), which allows an accommodation party who pays the instrument to sue upon it.

While the complaint does not state a cause of action on the note, it does state a cause of action against defendant for reimbursement as the subrogee of the partnership. There is much surplusage in the complaint as the result of plaintiff's attempt to state a cause of action on the note. However, it does allege the partnership's obligation on the note as an accommodation party for defendant, plaintiff's binding contractual assumption of the partnership's obligation and its payment by plaintiff upon defendant's default. The guarantor of a surety who pays the surety's debt has an equity strong enough to entitle him to claim any right the surety had for reimbursement against the principal. See *Hult v. Ebinger,* 222 Or 169, 192, 352 P2d 583 (1960), where one who at the request of a surety paid the surety's debt was held to be subrogated to the surety's rights. Subrogation is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it. The trial court did not err in overruling the demurrer to the complaint.

Defendant asserts that the trial court erred in admitting oral evidence of the plaintiff's assumption of the partnership's obligation to pay the note. The defense of the statute of frauds can only be as-

serted by the parties to the contract 'or their privies. *Ringler v. Ruby,* 117 Or 455, 460, 244 P 509 (1926); *Clarke v. Philomath College,* 99 Or 336, 384, 193 P 470, 195 P 822 (1921). The defendant had no standing to raise the statute as a defense.

█ Originally there was another defendant in the case because there were two principal makers which the partnership accommodated. At the commencement of the trial the plaintiff dismissed the case against the maker other than defendant. Defendant claims that any implied obligation by the two makers to reimburse the partnership was a joint obligation only, and not a joint and several obligation as was their obligation to pay the note. The case against one maker having been dismissed, defendant claims this acted as a dismissal to him as well. A short answer to defendant's contention, among others, is that the partnership agreed to pay defendant's obligation on the note. Defendant's obligation was to pay all of the note, not part of it. The full amount of the note was paid by plaintiff on defendant's behalf.

The case was submitted to the jury as an action on the note. A judgment resulted which included interest at 6¾ per cent and attorney's fees. This was error. In view of the record it is useless to send the case back to the trial court for another trial on the implied agreement for reimbursement. We are of the opinion that we can ascertain from the record the judgment that should have been entered. Therefore, we modify the judgment of the trial court and, in compliance with our powers under Art VII, § 3 of the Oregon Constitution, we remand the case for the entry of a judgment in favor of plaintiff and against defendant in the amount of $7,742.34 with interest at 6 per cent per annum from April 20, 1964.