CAHILL IRON WORKS v. PEMBERTON.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. PLEADING—PROOF—VARIANCE.
    Objections to proof on the ground of variance are waived, unless made at the trial.
2. GUARANTY—CONSIDERATION.
    Where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal obligation supports the guaranty also.
3. SAME.
    The consideration for a contract of guaranty need not be expressed, but may be shown by parol.

Appeal from trial term, New York county.

Action by the Cahill Iron Works against Francis R. Pemberton. From a judgment on a verdict for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

C. Walter Artz, for appellant.
J. H. Caldwell, for respondent.

WILLARD BARTLETT, J. Two causes of action are set out in the complaint, but it is only necessary to consider the second of these, inasmuch as the complaint was dismissed as to the first cause of action at the conclusion of the trial, and the plaintiff has not appealed. On April 22, 1891, at Chattanooga, Tenn., the Kensington Land Company executed and delivered to the plaintiff its promissory note, whereby, for value received, it promised to pay to the order of the Cahill Iron Works $608.50, 98 days after date. On the same day, at the same place, the defendant, acting individually, but using the firm name of F. R. Pemberton & Co., exe

cuted and delivered to the plaintiff a written guaranty of the payment of the aforesaid note, in these words:

"Chattanooga, Tenn., April 22nd, 1891.

"The Cahill Iron Works, Chattanooga, Tenn.—Dear Sirs: Referring to the note of the Kensington Land Company, in your favor, for six hundred and eight and $50/100$ ($608.50) dollars, dated April 22nd, 1891, ninety-eight days after date, and due July 24th, 1891, we beg leave to say that we will guaranty the payment of said note at date of its maturity.

"Very respectfully,                    F. R. Pemberton & Co."

The note was not paid at maturity, and the plaintiff corporation, which was the payee, seeks by the second cause of action set out in the complaint to enforce the defendant's liability on the guaranty.

The principal question involved in the appeal relates to the consideration for the guaranty. The allegation in the complaint on that subject is that on the 22d day of April, 1891, the Kensington Land Company was indebted to the plaintiff in the sum of $608.50, "and in consideration that the plaintiff would extend the time of payment of said indebtedness, and accept the 98-day note of said land company in payment thereof, the defendant, at said city of Chattanooga, agreed to and with the plaintiff to give to the plaintiff his written guaranty of the payment of said note at maturity." When the case came to trial, however, the plaintiff proved a different consideration for the note and guaranty from that alleged in the complaint. Evidence was given from which the jury were authorized to find that, after the Kensington Land Company had purchased one bill of goods, the defendant, who was the president of the company, told Mr. Frank H. Caldwell, the president of the plaintiff corporation, that he wanted to buy another bill of goods for the land company. According to Mr. Caldwell's testimony, Mr. Pemberton told him that he would probably want to give a 90-day note for the new bill, and also for the bill that was then due. Mr. Caldwell told Mr. Pemberton that that would be all right if he would indorse the note; to which Mr. Pemberton responded that he would give his personal guaranty—the guaranty of the firm of F. R. Pemberton & Co.—that the notes would be paid when due. Mr. Caldwell answered that he would accept the guaranty, which would be just as good as an indorsement, and he distinctly asserted on the witness stand that it was not before the first bill was sold, but before the second bill was sold, that this arrangement was made. The second bill was the purchase represented by the note for $608.50, the payment of which is guarantied by the instrument of April 22, 1891, already set out in full in this opinion. The effect of the testimony of Mr. Caldwell, taken as a whole, was to show that the consideration for the note and guaranty, which were executed and delivered concurrently, was the sale by the plaintiff corporation of the second bill of goods mentioned in the conversation between him and Mr. Pemberton. No objection was taken to this evidence on the ground of variance, or because it did not accord with the allegations of the complaint, nor was any motion made to strike it out because not within the issues. "It is settled that, when one seeks to enforce the rule that facts proven in the

case are not available unless they are pleaded, he must take this position at the trial, and, if the objection to the proof of the facts is not put upon that precise ground at the trial, it cannot be taken advantage of at any later time." Eastwood v. Mining Co., 86 Hun, 91, 95, 34 N. Y. Supp. 196, affirmed in 152 N. Y. 651, and 47 N. E. 1106. It is manifest, from the language of the charge, that the learned trial judge understood the effect of the testimony to be precisely as we have stated it; for he said to the jury:

"You have heard the plaintiff's witness tell us that he sold goods to the Kensington Land Company for $608.50, and that Mr. Pemberton agreed that, if he would make that sale, he would guaranty the payment of the note which the plaintiff's witness said that he would take from the land company for the money."

The guaranty was then read, and the jury were instructed that, if they believed the evidence in behalf of the plaintiff with respect to this matter, they should find a verdict in its favor. No exception was taken to the charge, and, in view of the manner in which the case was left to the jury, they must have found that the consideration for the note and guaranty was the second sale of goods. In the case of Bank v. Coit, 104 N. Y. 532, 11 N. E. 54, Judge Andrews thus stated the rule which controls the determination of the present appeal:

"Where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. We understand this to be the settled doctrine. McNaught v. McClaughry, 42 N. Y. 22; Simons v. Steele, 36 N. H. 73; Brandt, Sur. §§ 6, 7. And the consideration need not be expressed in the guaranty, but may be shown by parol. Bank v. Kaufman, 93 N. Y. 273."

This rule demands an affirmance of the judgment. The case at bar is radically distinguishable from those in which the guaranty is an engagement that the debtor will thereafter pay to the creditor a pre-existing debt. Such was the guaranty in Barney v. Forbes, 118 N. Y. 581, 23 N. E. 890, upon which the appellant places much reliance. The contract of guaranty here was made at the same time that the original indebtedness was incurred and when the principal obligation was given.

Judgment and order affirmed, with costs. All concur.