Argued October 7, affirmed October 24, rehearing denied November 24, 1914.

## FIRST NAT. BANK *v.* HAWKINS.

### (144 Pac. 131.)

Frauds, Statute of—Sufficiency of Memorandum—Expression of Consideration—"Value Received."

1. The words "value received," without going into detail, is a sufficient expression of the consideration within Section 808, L. O. L., providing that an agreement to answer for the debt, default or miscarriage of another is void unless the same or some note or memorandum thereof, expressing "the" consideration, be in writing.

[As to when the consideration of a contract is sufficiently expressed, see note in 60 Am. St. Rep. 432.]

Guaranty—Requisites and Validity—Consideration.

2. A guaranty, to be valid, must be upon a valuable consideration, and, where made after the completion of the principal contract, there must be a new consideration.

Guaranty—Requisites and Validity—Consideration.

3. When a guaranty is contemporaneous with the principal contract, the consideration need not be distinct from that for the note, but it will be presumed to be upon consideration of the credit to the principal debtor.

[As to promises to pay the debt of another, see notes in 5 Am. Dec. 321; 46 Am. Rep. 296.]

Frauds, Statute of—Sufficiency of Memorandum—Expression of Consideration.

4. Under Section 5857, L. O. L., providing that every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party for value, a guaranty indorsed upon a note and signed by the guarantors is valid, notwithstanding Section 808, requiring an agreement to answer for the debt, default or miscarriage of another to be in writing, expressing the consideration.

From Linn: Percy R. Kelly, Judge.

This is an action by the First National Bank of Albany, a corporation, against J. M. Hawkins, George H. Crowell and J. C. Holbrook, in which plaintiff recovered judgment and defendants appeal.

Affirmed.

For appellants there was a brief over the name of *Messrs. Hewitt & Sox,* with an oral argument by *Mr. Henry H. Hewitt.*

For respondent there was a brief over the name of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

Department 2. Mr. Justice McNary delivered the opinion of the court.

On April 20, 1912, one Harry M. Hawkins executed and delivered to plaintiff a promissory note for $7,000, which he promised to liquidate on the 30th day of June following, with interest at the rate of 8 per cent per annum. Synchronously, and for the purpose of further assuring the payment of the obligation, defend-

ants subscribed to a contract of guaranty on the back of the note in these terms:

"Albany, Oregon, April 20, 1912.
"For value received, I hereby guarantee the payment of the within note and waive protest, demand and notice of nonpayment thereof."

Failing to collect the note from the maker, Harry M. Hawkins, plaintiff brings this action against defendants to reduce the note to a judgment. A demurrer was filed to the complaint upon the assumption that the pleading does not contain facts sufficient to constitute a cause of action. The Circuit Court overruled the demurrer, which action supplies the ground for this appeal.

1. Very ably it is contended by counsel for defendants that the contract of guaranty is void on account of its failure to express *the* consideration; the argument proceeding upon the idea that the contract is purely an agreement to answer for the debt, default or miscarriage of another within the meaning of the statute of frauds: Section 808, L. O. L. Supporting the judgment of the trial court, counsel for plaintiff argue that the phrase "value received" is a sufficient statement of the consideration to satisfy the statute. Conceding that there is some diversity of judicial thought as to the manner and the fullness with which the consideration is required to be expressed by the statute of frauds, respecting the promise or engagement to pay the debt of another, yet we think the decided weight of authority and by far the better course of reasoning lie with those courts which hold that the words "value received" are a sufficient expression of the consideration, without delineating in detail what the consideration is: *Brewster* v. *Silence,* 11 Barb. (N. Y.) 144; *Douglass* v. *Howland,* 24 Wend. (N. Y.)

35; *Day* v. *Elmore,* 4 Wis. 190; *Cheney* v. *Cook,* 7 Wis. 413; *Church* v. *Brown,* 21 N. Y. 316; *Miller* v. *Cook,* 23 N. Y. 496; 2 Daniel, Negotiable Instruments (6 ed.), § 1767.

2, 3. It is essential to the validity of a guaranty that it should be upon a valuable consideration, and, where the guaranty is made after the completion of the principal contract, there must be a new consideration to support it; but when the guaranty is contemporaneous with the principal contract, as it is in this case, it is not necessary that the consideration should be distinct from that upon which the note was executed. Unquestionably the inducement which moved plaintiff to engage in the transaction was the additional strength which the contract of guaranty imparted to the note. The credit was not alone given to the maker of the note, but to the guarantors as well, and inasmuch as the guaranty was made prior to the delivery of the note, it will be presumed to be upon consideration of the credit: *Parkhurst* v. *Vail,* 73 Ill. 343; *Draper* v. *Snow,* 20 N. Y. 331 (75 Am. Dec. 408); *Colburn* v. *Averill,* 30 Me. 310 (50 Am. Dec. 630); *Cahill Iron Works* v. *Pemberton,* 48 App. Div. 468 (62 N. Y. Supp. 944).

As guaranties are contracts of extensive use in the commercial world, upon the faith of which large credits and advances are made, care should be taken to hold the parties bound to the full extent of their engagement, therefore technical distinctions should not be indulged to give freedom to those who are responsible for the contracts which their credit inspires.

4. Aside from the views heretofore expressed we think the law of this case is covered by "the Uniform Negotiable Instruments Law" (Section 5857, L. O. L.), which provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Under this section, every person whose signature appears on a negotiable instrument is presumed to have become a party thereto for value; consequently when the complaint embraces the averment that defendants at the time the note was given signed the contract of guaranty upon the back of the instrument, a cause of action was alleged sufficient to overthrow any attack by a demurrer. The place where the signatures appear on the negotiable instrument is immaterial; the material fact being that there are signatures thereon, and when so alleged and proved, the presumption follows that the parties annexing their names did so for a valuable consideration.

Let the judgment be affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.