Argued December 20, 1933; affirmed January 23, 1934.

# TOMIHIRO *v.* UNITED HOTEL CORPORA-
# TION ET AL.
### (28 P. (2d) 880)

*G. E. Hamaker,* of Portland, for appellant.

*Normal Kuykendall,* of Portland (David Robinson, John P. Winter, and Normal Kuykendall, all of Portland, on the brief), for respondents J. J. and R. Davis.

BELT, J. This is an action upon a promissory note dated January 9, 1925, in the sum of $6,000, payable in monthly instalments of not less than $500 each, commencing on September 9, 1925, together with interest thereon at 8 per cent per annum. The note was executed by the United Hotel Corporation in favor of Frank Hochfeld who, on August 21, 1930, sold and assigned the same to the plaintiff. It is alleged in the complaint that at the time of the execution and delivery of the note and as a consideration for a loan made by Hochfeld to the defendant United Hotel Corporation, the defendants J. Davis, J. J. Davis, R. Davis, H. Horowitz and T. Yamada, signed the following guaranty:

"For value received, I hereby guarantee the payment of the within note at maturity or any time thereafter and hereby waive demand, protest and notice of non-payment and consent that payment of this note may be extended from time to time without affecting my liability."

It is further alleged that the defendants made certain payments on the note and that there now remains due the sum of $2,587.08, together with interest thereon at the rate of 8 per cent per annum from the tenth day of July, 1930, until paid. Plaintiff also alleges that he has made demand upon the United Hotel Corporation but that it has failed and refused to pay the amount due and that such corporation is insolvent. Plaintiff demanded judgment against the maker of the note and the defendants who guaranteed the payment of the same.

Defendants J. J. Davis and R. Davis answered admitting the execution of the note by the United Hotel Corporation and that certain payments had been made but deny that, at the time of the execution of the note, it contained any alleged endorsement or guaranty executed by them, and allege affirmatively that if any guaranty was ever subsequently attached thereto neither of them received any consideration therefor. Defendants also allege that the plaintiff purchased the note after maturity. As a second, further and separate answer and defense, the defendants allege in substance that, while the note purports to evidence the loan of $6,000 by Hochfeld to the United Hotel Corporation, in truth and in fact said defendant received from Hochfeld only the sum of $5,400 and that this additional charge of $600 resulted in a usurious rate of interest.

The plaintiff replied denying generally the new matter alleged by defendants. On these issues briefly stated the cause was submitted to the court without a jury. From a judgment rendered in favor of the answering defendants, the plaintiff appeals.

■■ It appears without dispute in the evidence that the guaranty signed by the defendants J. J. Davis and R. Davis was made about two years after the execution of the note and that they received no consideration therefor. Hochfeld, the payee of the note, testified when called as a witness by the plaintiff that at the time of the execution of the note it contained no guaranty executed by these defendants but that their signatures thereto were obtained a year or two after the note was executed. Defendant J. J. Davis was also called by the plaintiff and testified on cross-examination that at the time he signed his name to the note as guarantor he received no consideration. There was

no contradiction of this testimony. True, the note contains a recital of consideration, but this is only prima facie evidence of such fact and may be overcome by evidence to the contrary. The finding of the trial court that the defendants received no consideration for their endorsements and that the guaranty was made subsequent to the execution of the note has the force and effect of a verdict by jury.

 It is established by the great weight of authority that the undertaking of one not a party to the original transaction who, in pursuance of some subsequent agreement, signs as a guarantor after the original contract has been fully executed and delivered, is a new and independent contract and, to be binding, must be supported by a new and independent consideration. This principle of law was upheld by this court in *First National Bank v. Hawkins,* 73 Or. 186 (144 P. 131), wherein the court said:

"It is essential to the validity of a guaranty that it should be made upon a valuable consideration, and, where the guaranty is made after the completion of the principal contract, there must be a new consideration to support it; but when the guaranty is contemporaneous with the principal contract, as it is in this case, it is not necessary that the consideration should be distinct from that upon which the note was executed."

Also to the same effect see cases cited in note to L. R. A. 1918E, 579. *Delsman v. Friedlander,* 40 Or. 33 (66 P. 297), relied upon by the appellant, is not to the contrary. In that case the court held that the defendant Friedlander was not a guarantor but an endorser. His liability was predicated upon his endorsement with waiver of demand, notice and protest and there was no need of any new consideration. The note was executed by I. W. Baird and A. N. Baird but was sold and

transferred by endorsement by Friedlander to the plaintiff therein.

■■ Appellant complains because the court did not admit in evidence the endorsements of guaranty by the defendants, on the ground that there was not a proper identification of the same. Assuming that error was committed, the plaintiff was not prejudiced thereby for, if such endorsements had been received in evidence, the fact remains that there was no consideration for the guaranty. It is only prejudicial error which warrants a reversal.

■ Plaintiff does not dispute the proposition that Hochfeld exacted a usurious rate of interest but contends that the defense of usury is not available to the defendants since they were, in a legal sense, strangers to the original transaction. We cannot agree with this contention. Defendants were not strangers to the contract. It seems to be well established that a guarantor may avail himself of the defense of usury to the same extent as his principal could do in a like case. However, it is unnecessary to give further consideration to this point for the reason that failure of consideration is fatal to the cause of the plaintiff.

The judgment of the lower court is affirmed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.