MARION KINTZEL, Respondent, v. CARMIE AULT RICHARDS, as Executrix, etc., of THOMAS RICHARDS, Deceased, Appellant.— Judgment and order affirmed, with costs. Memorandum: Upon an appeal by an executrix from a judgment entered upon a jury's verdict awarding to the plaintiff a sum *quantum meruit* for services rendered the testator in accord with an alleged *ante mortem* agreement, the appellant asserts for the first time that the proof submitted upon the trial by the plaintiff-respondent to establish the contract was at variance with the precise terms of the contract alleged in the complaint. Having failed by objection, motion to strike out or otherwise to present that question for ruling by the trial court, it will be deemed to have been waived at Trial Term and cannot be raised in the first instance on appeal. (*Cahill Iron Works* v. *Pemberton*, 48 App. Div. 468, 470–471; affd., 168 N. Y. 649; and see 6 Carmody's N. Y. Practice, § 346, pp. 276–278, note 10.) Believing the verdict of the jury to have been in accord with the weight of competent evidence and finding no reversible error in the trial court's rulings challenged upon this appeal, we affirm the judgment and order. All concur. (The judgment is for plaintiff in an action for breach of contract. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

HENRY CHENEY, Appellant, v. NATIONAL SURETY CORPORATION, Respondent. (Action No. 1.) — Judgment affirmed, with costs. Memorandum: In these cases a general guardian before 1933 misappropriated and converted to her own use the property of her wards, the plaintiffs. In 1937 an accounting was had and the general guardian directed to make certain payments. Executions were issued and returned unsatisfied. The National Surety Company was the surety for the general guardian. On April 29, 1933, the defendant contracted to assume certain liabilities of the National Surety Company. The contract, however, provided that the defendant did not assume: " (c) Liability for losses under judiciary bonds covering risks involving estates held or administered in a fiduciary or trust capacity; subject, however, to the assumption of liability by the New Corporation for losses which may occur under any and all such bonds after an accounting showing the condition of such estate on May 1st, 1933, or any date thereafter, has been approved by the Court." We construe the words " losses " not as adjudicated losses, but as actual losses and the word " after " in the phrase " after an accounting " as meaning " subsequent in time to." Therefore, the losses of the plaintiffs are held to have occurred at the time of the defalcation and conversion previous to 1933 and not at the time of the adjudication upon the accounting. The defendant, under the contract referred to, is not liable to the plaintiffs for the amounts of the losses suffered by them. All concur. (The judgment dismisses the complaint in an action against a surety company to recover the loss sustained by reason of the conversion and misappropriation of funds by plaintiff's general guardian.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

ALICE CHENEY WING, Appellant, v. NATIONAL SURETY CORPORATION, Respondent. (Action No. 2.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.