Argued January 9, affirmed February 13, 1969

# GUTHRIE INVESTMENTS, INC., *Respondent, v.* STANTON, *Appellant.*

450 P. 2d 551

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellant.

*Boyd J. Long,* Portland, argued the cause for respondent. With him on the brief were Boyrie, Miller & Long, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and MENGLER,* Justices.

SLOAN, J.

Both plaintiff and defendant were duped by the fraud of one John M. Niedermeyer. In 1962, Niedermeyer obtained a loan from plaintiff that was secured by a purported sale by Niedermeyer to plaintiff of some hotel and bar room furniture and a lease back of that furniture to Niedermeyer. Unfortunately for defendant, he executed an agreement guaranteeing the performance of the lease. Niedermeyer, in fact, did not own the furniture so the lease security was non-existent. In this action on the guarantee agreement, tried to the court without a jury, plaintiff obtained a judgment. Defendant appeals.

In addition to signing the guarantee, defendant also signed the lease. Defendant claims that the guarantee agreement was executed later and separate from the lease and, therefore, required a separate consideration to be enforceable and that there was no additional consideration given for the guarantee. The evidence supports the trial court's finding that the guarantee

---

* Mengler, J., did not participate in the decision of this case.

was not a separate agreement. There is some confusion as to the respective dates of the execution of the two agreements, but there is no doubt that the lease was not accepted by plaintiff and the money advanced until the guarantee was signed by defendant and in plaintiff's possession. Defendant's reliance on cases like *Tomihiro v. United Hotel Corp.*, 1934, 145 Or 629, 28 P2d 880, does not help him. In *Tomihiro* we held that the "* * * undertaking of one not a party to the original transaction who, in pursuance of some subsequent agreement, signs as a guarantor after the original contract has been fully executed and delivered, is a new and independent contract and, to be binding, must be supported by a new and independent consideration. * * *." 145 Or at 632, 28 P2d at 881.

The evidence does not bring defendant within the requirements of the quoted rule.

Another defense is that after the lease had been in existence for a few months the true owner of the leased property took possession of it and that since plaintiff could not perform the lease, defendant is excused from paying the agreed rental.

The guarantee agreement executed by defendant is an absolute, "direct unconditional promise." 10 Williston, Contracts, (3d ed, 1967) § 1211. Defendant's liability on the contract is the same as that of a surety. *Depot R. Syndicate v. Enterprise B. Co.*, 1918, 87 Or 560, 170 P 294, 171 P 223; *Union Oil Co. of Calif. v. Lull*, 1960, 220 Or 412, 349 P2d 243; 1 Corbin, Contracts, 1963, § 68, p 283; 38 Am Jur2d, Guaranty, § 15, p 1010. He is, therefore, unable to rely on the fraud of Niedermeyer as a defense to his contract. "The sureties can ordinarily make no defense that could not be made by their principal. The measure of his responsibility is the measure of theirs, and any act of

the principal which estops him from setting up a defense personal to himself operates equally against his surety. * * *" 50 Am Jur, Suretyship, § 140, p 997; 10 Williston, Contracts, *supra,* § 1248; Anno 71 ALR 1278; 38 Am Jur2d, Guaranty, § 59, p 1061. Niedermeyer, the principal could not have defended an action against him by reason of his fraud and, in these circumstances, the authority cited would deny the defense to this defendant.

■ Plaintiff cross-appeals from the failure of the trial court to allow attorney fees. The guarantee agreement itself made no reference to fees for an attorney. The lease, however, specified that attorney fees would be allowable in any action to enforce the terms of the the lease. However, this is not an action on the lease. The limited authority on the subject, compiled in an annotation at 4 ALR2d 138, together with our restrictive decisions on allowing attorney fees, *Adair v. Mc-Atee,* 1964, 236 Or 391, at 394, 388 P2d 748, for example, does not convince us that attorney fees should be allowed in this action.

Affirmed.