Argued November 4, 1974, reversed and remanded January 16, 1975

CITIZENS BANK OF OREGON, *Appellant, v.*
PIONEER INVESTMENT COMPANY, *Defendant,*
BABCOCK ET AL, *Respondents.*

530 P2d 841

*Robert D. Woods* of Riddlesbarger, Young & Horn, Eugene, argued the cause and filed a brief for appellant.

*Thomas A. Hanlon* of Babcock, Ackerman & Hanlon, Springfield, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

O'CONNELL, C. J.

This is a suit by plaintiff creditor to foreclose a mortgage and obtain a deficiency judgment against defendant Pioneer Investment Company (PICO) and its guarantors, defendants Matott,[1] Babcock and Clark.[2] The trial court sustained defendants Babcock and defendant Clark's demurrer to the complaint

---

[1] Defendants Matott were not served and have played no part in this litigation.

[2] Defendants Martin and the United States of America hold liens against the corporate defendant. Neither is involved in this appeal.

for failure to state a cause of suit against them. Plaintiff refused to plead further and appeals from the judgment of dismissal as to defendants Babcock and Clark. PICO does not appeal from the decree of foreclosure against it.

The only question before us is whether the pleadings reveal a cause of suit against defendants Clark and Babcock as guarantors. The complaint alleged a mortgage in 1967 which covered a note of the same date and also future advances, a guarantee by defendants in 1968 guaranteeing the past and future indebtedness of PICO to plaintiff. The complaint alleged that in 1973 PICO executed a note payable to plaintiff which is unpaid and that plaintiff relied on the guarantee in making the 1973 loan.

Defendants Babcock answered, denying plaintiff's reliance on the guarantee, but admitting all other relevant allegations of the complaint. In addition they alleged that the guarantee sued upon was given on the strength of plaintiff's representations that it would be applied only to credit extended PICO to finance completion of a particular contract with a named third party and that all loans for that purpose have been repaid. The Babcocks' answer also alleged that plaintiff continued to represent to defendants that it did not rely on the personal guarantees as security for other notes issued by PICO, that it considered the guarantee no longer to be binding after the repayment of the particular loans which it was intended to cover, and that defendants relied on those representations in failing to notify plaintiff to stop making advances to PICO.

Plaintiff did not reply to the allegations of new

matter in the answer. About two months after the filing of the Babcocks' answer, Clark and the Babcocks demurred to the complaint on the ground[6] that it failed to state a cause of suit in that no separate consideration for the guarantee was alleged. This demurrer was sustained and upon plaintiff's refusal to plead over the complaint was dismissed.

We find that the demurrer was improperly sustained. The complaint, which incorporated a copy of the guarantee, clearly states that defendants Matott, Babcock and Clark personally guaranteed payment to plaintiff of "all liabilities * * * [of PICO], until * * * notice" to stop advances, "in consideration of financial accommodations given or to be given * * * and in consideration of the Bank's agreeing to deal with the Customer [PICO] * * *." In addition, the complaint alleges that plaintiff advanced money to PICO after the guarantee and in reliance on it and that defendants had not notified plaintiff to stop making advances. As recognized in *Balfour, Guthrie & Co. v. Knight*,[7] an agreement to extend future credits to the debtor is sufficient consideration to support a guarantee of payment of future advances.[8]

Defendants argue that the future advances can not serve as consideration for their guarantee in this case because plaintiff has not sued on the note repre-

[6] Defendant Clark also demurred on the ground of misjoinder of parties. This demurrer was properly overruled and is not a subject of this appeal.

[7] 86 Or 165, 171, 167 P 484 (1917).

[8] Defendants' reliance on Tomihiro v. United Hotel Corp., 145 Or 629, 28 P2d 880 (1934) is misplaced. In that case it was held that a guarantee of a past obligation of the debtor required new and independent consideration. In the present case the complaint alleges new consideration in the form of an agreement to extend future credit.

senting a future advance but has instead brought suit to foreclose a pre-existing mortgage. In defendant's own words, "[s]ince the guaranty was given after the mortgage it was, as the trial court found, unsupported by any consideration in so far as it related to the mortgage." Regardless of whatever theoretical validity this argument might have, it has no application to the facts of this case. The complaint seeks foreclosure of a mortgage given in 1967 to secure *(inter alia)* future advances, and makes clear that the only unpaid loan sought to be satisfied is, in fact, an advance given in 1973 after the execution of both the mortgage and the guarantee. Plaintiff is seeking nothing more than the enforcement of defendants' guarantee as to the deficiency remaining as to the 1973 note after foreclosure of the mortgage. It is beyond dispute that the complaint alleges that this debt is within the terms of defendants' guarantee and that the guarantee is supported by adequate consideration as to this debt. Therefore defendants' demurrer, predicated upon lack of consideration for the guarantee agreement, is without merit.

 Defendants also argue that the order of dismissal should be affirmed even if the complaint is sufficient, because a demurrer "searches the record" and the answer by defendants Babcock alleges a good defense effectively admitted by plaintiff through its failure to reply.⑥ Defendants overstate the extent to which a demurrer opens the record. A demurrer calls the court's attention to "defects of substance in pleadings before the pleading to which the demurrer was directly addressed."⑦ Thus, the demurrer before us, which is

---

⑥ See ORS 16.620.

⑦ Clark on Code Pleading § 83, P. 525 (2d ed 1947).

addressed to the complaint, cannot bring the sufficiency of the answer into question. The proper method for defendants to present their argument is through a motion for judgment on the pleadings[9] in the court below. At that time the trial court may consider whether plaintiff should be allowed to reply to the affirmative matter in the answer.[10]

Reversed and remanded for further proceedings consistent with this opinion.

---

[9] ORS 16.130.

[10] *See* ORS 16.050. Even if it is determined that plaintiff should not be allowed to reply to the answer, this would not benefit defendant Clark who has not yet answered.