Argued and submitted February 20, reversed and remanded December 4, 1985, reconsideration denied April 11, petition for review denied July 15, 1986 (301 Or 338)

## KLIMEK,
*Respondents,*

*v.*

## The CONTINENTAL INSURANCE COMPANY,
*Appellant.*

(79-3861-L-2; 80-537-NJ-2; 80-1155-J-1; CA A31627)

711 P2d 155

James M. Callahan, Portland, argued the cause for appellant. With him on the briefs was Bittner & Barker, P.C., Portland.

William V. Deatherage, Medford, argued the cause for respondents. With him on the brief were Jack R. Bird and Frohnmayer, Deatherage, deSchweinitz, Prett & Jamieson, P.C., Medford.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

This controversy, which is before us for the second time, arises out of a contract for the sale of standing timber entered into on June 6, 1979, between the Klimeks,[1] sellers, and Burdett, Gedymin, Smith and Brannon, purchasers. The Continental Insurance Company, as surety, executed a performance bond on behalf of purchasers. The issues in this appeal relate to the propriety of summary judgment entered against Continental on Klimeks' action against it on the performance bond, the rate of interest on the judgment and the amount of attorney fees awarded to Klimeks against Continental. We reverse and remand.

We relate the procedural history necessary for an understanding of the present appeal. In the latter part of 1979, purchasers brought suit seeking rescission of the contract in three counts—fraudulent misrepresentation, mutual mistake of fact and acceptance of the sellers' offer to rescind. The Klimeks counterclaimed for the balance of the purchase price and, in a separate action, sought recovery from Continental on the performance bond. The cases were consolidated by the trial court, which granted summary judgment in favor of the Klimeks with respect to the purchasers' first and second counts and, after trying the third count in equity, found for the Klimeks on that count. It then granted summary judgment on their counterclaim. By reason of those decisions, Continental was found liable on the performance bond.

Purchasers and Continental filed appeals from the judgments which were entered in March, 1981. Purchasers apparently did not file a supersedeas bond to stay execution of the judgment against them on the counterclaim. The parties agree that the following events ensued while the appeal was pending: (1) the Klimeks proceeded to execute on their judgments by levying on the timber purchase contract and causing a sheriff's sale of it; (2) the Klimeks, who were the only bidders at the sheriff's sale, bought purchasers' contract rights for $1,000; (3) in August, 1981, the Klimeks resold the timber to a third party for $100,000.

In May, 1982, this court issued its decision reversing

---

[1] Twila Klimek, as personal representative of the estate of Jerry Klimek, deceased, has been substituted as a party for Jerry Klimek, individually.

the trial court and remanding the cases for trial. *Klimek v. Continental Ins.*, 57 Or App 435, 645 P2d 553 (1982). The rescission case was tried on remand on August 11, 1983. On August 25, 1983, the trial court entered its findings, conclusions and opinion to the effect that purchasers were not entitled to rescission of the contract on any of their theories and, on October 12, 1983, it entered judgment dismissing their complaint with prejudice. No appeal was taken from that judgment.

In the interim, one of the purchasers, Burdett, filed for bankruptcy and, by motion for a stay of proceedings filed August 31, 1983, advised the trial court of that action. Accordingly, the trial court did not proceed to trial on the Klimeks' counterclaim for the balance of the price. The Klimeks, however, filed a motion for partial summary judgment on their claim against Continental. The trial court granted that motion and entered final judgment against Continental for the $100,000 limit of the performance bond, together with interest at 10 percent per annum from December 1, 1979, and the further sum of $28,119.74 for attorney fees, costs and disbursements.

Continental appeals, raising three assignments of error. First, it contends that the trial court erred in granting the Klimeks' motion for partial summary judgment, asserting that fact questions concerning the amount of damages precluded summary judgment. Alternatively, Continental contends that interest on the judgment may not exceed the statutory rate of nine percent and that the amount of attorney fees awarded is unreasonable.

The trial court's final judgment against Continental reads, in relevant part:

> "It appearing to the court that an opinion and findings of fact and conclusions of law were entered by this court on August 25, 1983, against the plaintiffs Burdett, et al, on plaintiffs' complaint and in favor of the defendants Klimek in *[Burdett et al v. Klimek]*. It further appearing that no objections or request for extensions were filed to the court's findings of fact and conclusions of law, and the court thereafter entered a partial decree in the companion Burdett case on October 12, 1983, wherein plaintiffs Burdett et al's first, second and third claims for relief were dismissed with prejudice on the basis there was no fraud, mistake or repudiation as claimed by Burdett, et al, which same issues have been raised

by the defendant Continental Insurance Company as defenses in this proceeding, and

"It further appearing to the court that *the plaintiffs in this proceeding have filed a motion for summary judgment as a result of the adverse findings against the plaintiffs Burdett in the companion case,* and

"It further appearing that plaintiffs are entitled to summary judgment against defendant Continental Insurance for the sum of $100,000, together with interest at the rate of 10% per annum from December 1, 1979, until paid, * * *

"IT IS HEREBY ORDERED AND ADJUDGED that plaintiffs have judgment against defendant Continental Insurance Company in the amount of $100,000, together with interest at the rate of 10% per annum from December 1, 1979, until paid * * *." (Emphasis supplied.)

In the trial court, Continental denied liability on the basis of the same defense of fraud asserted by the purchasers; at this juncture it does not dispute that the judgment dismissing purchasers' fraud complaint conclusively determined the fact of its liability under the performance bond. Rather, it challenges the *extent* of its liability as measured by the damages recoverable by the Klimeks for purchasers' alleged breach of the timber sale contract. The foundation of Continental's argument is that the amount of its obligation under the performance bond never was litigated and that the trial court improperly relied on the doctrine of collateral estoppel to determine that the amount of its liability was $100,000. It points out that the issue of damages was not litigated in the rescission case and that the stay in the proceedings due to Burdett's petition in bankruptcy deprived the court of jurisdiction to reach the issue under the Klimeks' counterclaim. It then argues that, as surety, its liability is determined by the extent of the liability of purchasers, as principals, and that it may raise any contract defenses available to them. *See Guthrie Investments v. Stanton,* 252 Or 465, 450 P2d 551 (1969).

Continental posits that it is entitled to several defenses, each of which creates fact questions that preclude summary judgment.[2] First, it argues that the sale of timber is

---

[2] In its original answer (filed during the first proceeding in this case) Continental admitted the existence of the performance bond, but alleged that fraud in the contract between the Klimeks and purchasers rendered it unenforceable. By supplemental

governed by the provisions of Article 2 of the Uniform Commercial Code, ORS 72.1070(2), that the Klimeks had a duty to mitigate damages by resale of the timber, ORS 72.7090(2), that the purchasers were entitled to notice of any such resale, ORS 72.7060(4)(b), and that any resale had to be commercially reasonable. ORS 72.7060(2). Second, it argues that, because the Klimeks retained title to the timber to secure the balance of the purchase price, the timber was collateral which the Klimeks, under Article 9 of the Uniform Commercial Code, were required to dispose of in a commercially reasonable way after reasonable notice to purchasers. *See* ORS 79.5040(1) and (2). Finally, it asserts that, under common law principles of suretyship, the Klimeks had an independent duty to use reasonable care to preserve the security, *i.e.,* the timber, for Continental's benefit. *See Cottage Grove Lbr. Co. v. Lillegren,* 227 Or 24, 360 P2d 927 (1961). In sum, the position is that the Klimeks had either a statutory or common law duty to mitigate damages that would affect Continental's liability on the performance bond, that they could not circumvent that duty by the sheriff's sale of the timber contract during the pendency of their first appeal to this court and that whether they met that duty in disposing of the timber remained an unresolved fact question.

■     We first note that, although a proceeding in a bankruptcy court stays other court proceedings against the bankrupt, it does not serve to enjoin a proceeding against a surety of the bankrupt. 11 USC § 362; *see Globe Const. Co. v. Oklahoma City Housing,* 571 F2d 1140 (10th Cir), *cert den* 439 US 835 (1978). Therefore, although Burdett's petition in bankruptcy prevented the trial court from proceeding with the Klimeks' counterclaim against purchasers, the trial court was still able to consider their motion for summary judgment

---

answer (filed after the Klimeks' motion for summary judgment in the action on remand), Continental incorporated the allegations of its initial answer and for the first time asserted two affirmative defenses:

*"First Affirmative Defense*

"Plaintiffs failed to give to defendants notice of the resale of the timber to Shephard as required by ORS 72.7060(3).

*"Second Affirmative Defense*

"Plaintiffs failed to resell the timber in a commercially reasonable or a good faith manner."

against Continental on the performance bond. We turn then to the motion.

It is clear from the Klimeks' motion for summary judgment and from the judgment itself that the court disposed of that motion on the basis that the judgment in the companion rescission case had determined that the Klimeks should prevail against Continental. The trial court erred in doing so. The judgment dismissing purchasers' rescission claim left unresolved the Klimeks' consolidated counterclaim, which could not be decided because of the pending bankruptcy proceedings, a fact that the trial court appropriately recognized by directing entry of judgment in the rescission case pursuant to ORCP 67B. A judgment entered pursuant to ORCP 67B by its terms necessarily leaves undecided certain claims, and the bar of *res judicata* does not apply to preclude litigation of those causes of action. *Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 845, 666 P2d 297, *rev den* 295 Or 773 (1983).

Further, the Klimeks, in their motion for summary judgment, offered no evidence regarding Continental's affirmative defenses. A party moving for summary judgment must deal with all of the issues raised by the pleadings and must demonstrate that there remain no material factual issues regarding any of them. *Kutbi v. Thunderlion Enterprises,* 73 Or App 458, 698 P2d 1044, *rev den* 299 Or 584 (1985). Because the Klimeks did not adequately support their motion by dealing with those defenses and because there is no suggestion in the record that the trial court considered the issues raised by them, we remand to the trial court for further proceedings.

Our decision that the summary judgment against Continental must be reversed makes it unnecessary for us to address its remaining assignments of error.

Reversed and remanded.